. We approve the holding of the Commission of Appeals on the question discussed in its opinion.

=====

SECURITY NAT. BANK OF DALLAS et al.
v. KYNERD. (No. 199-3264.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

.
1. Pleading ⬤⤳246(2) — Petition and trial amendment held not inconsistent.

Petition alleging that surety, who had indorsed note before delivery to payee, purchased the original and renewal notes from payee, and that payee indorsed notes to surety, and that on the same day · surety attached and delivered them to the payee to secure a loan that payee had on that day made to him, *held* not inconsistent with trial amendment that note was not intended to satisfy and discharge the note, but that it was understood and agreed between surety and payee, at the time of the transaction, that the note sued on was to be kept alive for the benefit and protection of the payee.

2. Pleading ⬤⤳34(1)—Trial amendment to petition construed in connection with petition.

A trial amendment to petition is to be construed in connection with the petition.

3. Principal and surety ⬤⤳182—Indorsement of note to surety held not to extinguish debt.

Payee's indorsement of note to surety under agreement between payee and surety that surety was not to satisfy the note, but merely become the owner of it, *held* not to extinguish the note and satisfy the debt.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by the Security National Bank of Dallas and another against W. D. Kynerd and others. Judgment for plaintiffs was, on appeal of the named defendant alone, reversed by Court of Civil Appeals (207 S. W. 133), and plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and judgment of trial court affirmed.

Leake & Henry, Cecil L. Simpson, and Monta R. Ferguson, all of Dallas, for plaintiffs in error.

Etheridge, McCormick & Bromberg, of Dallas, for defendant in error.

SPENCER, J. Plaintiffs, Security National Bank of Dallas, Tex., and H. W. Ferguson, sued defendants W. D. Kynerd and J. P. Smith, individually, and Smith, Womack & Son, a copartnership composed of J. Sanford Smith, Jack Womack, and J. P. Smith, upon a promissory note dated February 15, 1916, for the principal sum of $12,500, executed by J. P. Smith and W. D. Kynerd, with H. W.

Ferguson as surety, payable to the Security National Bank.

The facts, briefly, are that on December 3, 1915, J. P. Smith and Kynerd executed and delivered their note for the principal sum of $21,500 to plaintiff bank—the same having been indorsed by Ferguson, to which was attached as collateral security a second vendor's lien note in the principal sum of $16,000, executed by J. J. Marshall, payable to J. P. Smith, defendant. Upon the original note, executed by Smith and Kynerd and indorsed by Ferguson, becoming due, it was renewed, and the note sued upon represents this renewal.

Ferguson alleged that on June 17, 1916, he purchased from plaintiff bank the original and renewal notes executed by Smith and Kynerd and indorsed by him, together with the collateral attached thereto, and on the same day attached and delivered them to the bank to secure a loan that the bank on that day had made to him, and that the bank is the present legal holder of these notes to secure the payment of a renewal note by Ferguson dated September 15, 1916, for the principal sum of $12,500.

Plaintiffs also alleged that, although J. P. Smith and W. D. Kynerd appear as the makers of the note, all the defendants were acting in concert to secure the loan evidenced by the note, and that the proceeds were used by and for all the defendants.

He alleged that to secure renewal of the note of February 15, 1916, he was compelled to pay interest on the same, amounting to $167.50, for the benefit of the makers, and that to prevent the foreclosure of a superior lien, evidenced by a prior note, he was compelled to pay $269.40 interest on the prior note.

In a trial amendment, plaintiffs. allege that the note executed by Ferguson to the bank, dated June 17, 1916, was not intended to satisfy and discharge the note sued upon herein, but that it was understood and agreed between them at the time of the transaction that the note sued on was to be kept alive for the benefit and protection of the bank.

Defendant Kynerd pleaded that he and Ferguson were accommodation makers or sureties upon the note, and in a cross-action prayed that, in case of a judgment against him, he be permitted to recover over against Ferguson for one-half thereof. In a trial amendment he urged a general demurrer to plaintiffs' petition, and especially excepted to the trial amendment upon the ground that the allegations were contradictory of and repugnant to the allegations of the amended petition.

Demurrers and special exceptions were overruled, and the cause was submitted to the jury upon special issues, and the jury

found that Kynerd was joint maker with J. P. Smith and not an accommodation maker nor a cosurety with Ferguson. The court rendered judgment that plaintiffs take nothing as against the copartnership; that plaintiff Ferguson take nothing as against defendants upon the note; that plaintiff bank recover from J. P. Smith and defendant Kynerd, jointly and severally, the amount of the note, interest, and attorney's fees; that plaintiff bank have judgment foreclosing the lien upon the land described in the $16,000 note; that Kynerd take nothing on his cross-action against Ferguson, and that Ferguson recover against Kynerd and Smith the sum of $467.-50 paid by him for their benefit. W. D. Kynerd alone appealed.

The Court of Civil Appeals was of opinion: (1) That the note sued on had been paid off and the debt extinguished by the Ferguson note of June 17, 1916, and that plaintiffs' cause of action against defendant would be upon an implied promise to pay; and (2) that the trial amendment did not allege facts showing á cause of action in either plaintiffs, but that the allegations of the amendment being contradictory and repugnant to the allegations· of the petition of which it is made a part, rendered the whole petition obnoxious to the demurrer and that the demurrer should have been sustained. Whereupon it reversed and remanded the case. 207 S. W. 133.

[1, 2] The allegations of the second amended petition are not susceptible of the construction that it was the intention or agreement of Ferguson and the bank to satisfy the note sued on herein by Ferguson giving his note to the bank. On the other hand, the allegations to the effect that the bank indorsed the note to Ferguson is indicative of an intention by the bank to sell and of Ferguson to buy the note. The trial amendment, which is to be construed in connection with the second original petition, emphasizes and makes clear the agreement that it was the intention of Ferguson to purchase the note but with no intention of satisfying the same. The allegations of the trial amendment are not contradictory of nor repugnant to the allegations of the second original amended petition.

[3] It does not, as contended, follow as a legal consequence that because the bank indorsed the note to Ferguson that it was thereby extinguished and the debt satisfied. If it was the agreement between the bank and Ferguson that he was not to satisfy the note, but through the transaction merely become the owner of it, the law will give effect to their agreement. No reason is perceived why one, a surety, should be denied the right to take up a note upon which he is surety by purchasing it, just as a stranger would have that undoubted right., The principal debtor is in no wise prejudiced by the transaction.

The rule announced in Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528, relied upon by the Court of Civil Appeals in support of its judgment, is in no wise in conflict with the principles expressed herein. In that case there was an unquestioned satisfaction of the debt by the surety, while in this case there was an agreement to purchase the note evidencing the debt, with no intention to discharge or satisfy the indebtedness. This marked distinction between the facts of the two cases renders the rule invoked in that case inapplicable here.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.