DURHAM v. McDOWELL et al. (No. 1652.)

(Court of Civil Appeals of Texas. El Paso. Oct. 16, 1924.)

1. **Principal and surety** ⊜⟶177—**Sureties on note purchasing it from payee held entitled to sue principals thereon.**

Sureties on promissory note, purchasing it from payee, *held* entitled to maintain suit thereon against principals.

2. **Bills and notes** ⊜⟶121—**Note, not indicating suretyship between makers, raises prima facie presumption makers signed as principals.**

Note, the face of which does not indicate suretyship relation between makers, raises prima facie presumption each signed as principal.

3. **Principal and surety** ⊜⟶9—**Relation does not arise by mere operation of law.**

Relation of principal and surety arises from agreement between parties, expressed or implied from their conduct or circumstances, and does not arise by mere operation of law.

4. **Principal and surety** ⊜⟶1—**Contract of suretyship collateral to main contract.**

Contract of suretyship is collateral to main contract.

5. **Evidence** ⊜⟶423(6)—**Parol evidence admissible to prove contract of suretyship.**

Contract of suretyship being collateral to main contract, parol evidence is admissible to prove it.

6. **Bills and notes** ⊜⟶519—**Evidence held to show signer of note was principal debtor, and not surety for comaker.**

Evidence *held* to show codefendant signing note was principal debtor, and not a surety of comaker.

Appeal from Stonewall County Court; W. S. Featherston, Judge.

Action by J. L. McDowell and another against J. Durham and another. Judgment for plaintiffs, and named defendant appeals. Affirmed.

Stinson, Coombes & Brooks, of Abilene, for appellant.

Ernest Herring, of Aspermont (R. M. Reed, of El Paso, of counsel), for appellees.

HIGGINS, J. [1] J. Durham, S. L. Pierce, W. D. Gaston, and J. L. McDowell executed

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a promissory note in the sum of $300, to the order of the First National Bank of Aspermont. There is nothing upon the face of the note to indicate that any of the makers signed as sureties. Shortly after maturity the note was indorsed by the payee to the order of Gaston and McDowell without recourse; the latter paying to the payee said sum of money. Thereupon Gaston and McDowell brought this suit against Durham and Pierce to recover the amount paid, with interest and attorney's fees, as provided in the note, alleging that the latter were the principals upon the note, the plaintiffs sureties only, and that they had purchased the note from the payee. The plaintiffs recovered judgment as prayed for. Durham alone appeals, assigning a number of errors. He claims that he was not a principal, but a cosurety for Pierce.

The case was submitted upon special issues. It was found that Durham was not a surety, but a principal. There is no question but that Gaston and McDowell were sureties, and it was so found.

The petition states a cause of action under the authority of Bank v. Kynerd (Tex. Com. App.) 228 S. W. 123, and Brokaw v. Collett (Tex. Civ. App.) 230 S. W. 790, for which reason those assignments are overruled, which question the sufficiency of the petition.

[2] Complaint is made of the sufficiency of the evidence to support the adverse finding upon the issue of whether Durham was a principal or surety. There being nothing upon the face of the note to indicate a suretyship relation upon the part of any of the makers, the presumption prima facie is that they were all principals.

[3] The relation of principal and surety is always a matter of agreement between the parties, expressed in terms or implied by their conduct or the circumstances. The relation never arises by mere operation of law, but is the result of an express agreement between the parties, or a contract which may be fairly implied from the situation in which the parties have intentionally placed themselves. 1 Brandt on Suretyship (3d Ed.) § 1.

[4-6] This contract is collateral to the main contract, and parol evidence is admissible to prove the same. According to the testimony of Durham, the jury would have been warranted in finding that there was a contract of suretyship between himself and Pierce, but they were not bound to accept his version of the matter, and the testimony of Pierce rebuts it. The money was being raised to pay for necessary hospital and medical attention for Maud Durham, a daughter of Pierce, and daughter-in-law of Durham. The husband of the sick woman was without funds, and Pierce and Durham both rested under a moral obligation to furnish the money for the attention that was necessary to save her life. Without detailing the evidence upon the issue, we are of the opinion that, in the light of all the facts and circumstances connected with the transaction, the evidence is sufficient to sustain the finding that Durham was a principal debtor, and not a surety for Pierce.

Upon this view, it likewise follows that the court properly refused the peremptory instruction requested by appellant which is complained of in the fourth assignment. The third and fifth assignments complain of rulings upon evidence. The third is without merit, as it is predicated upon a false assumption of fact. The admission of the evidence referred to in the fifth, if error, was harmless.

Affirmed.