FIRST NAT. BANK OF JACKSONVILLE et al. v. FIRST STATE BANK OF JACK-SONVILLE. (No. 2963.) *

(Court of Civil Appeals of Texas. Texarkana. Jan. 22, 1925. Rehearing Denied Feb. 12, 1925.)

1. Husband and wife ⊗⇒264—Evidence held to sustain finding money in bank in name of defendant's wife was community property, subject to garnishment for husband's debts.

Evidence *held* to sustain finding money in bank in name of defendant's wife was community property, subject to garnishment for husband's debts.

2. Garnishment ⊗⇒11—That one of original parties plaintiff acquired sole ownership of judgment held not to preclude him from instituting garnishment proceedings.

That one of original parties plaintiff acquired sole ownership of judgment *held* not to preclude him from instituting garnishment proceedings on such judgment.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Garnishment proceedings after judgment, by Knox Henderson, for himself and as agent for the First State Bank of Jacksonville, and others, original parties plaintiff, against the First National Bank of Jacksonville as garnishee, to enforce collection of judgment against R. W. Baker and others. From judgment for plaintiff, the First National Bank of Jacksonville and R. W. Baker appeal. Affirmed.

Norman, Shook & Gibson, of Rusk, for appellants.

J. J. Faulk, of Athens, and J. I. Perkins, of Rusk, for appellee.

HODGES, J. In October, 1920, the First State Bank of Jacksonville, Tex., the Central Grocery Company, and the Garrett-Henderson Grocery Company recovered in the district court of Henderson county a judgment against R. W. Baker, C. L. Baker, and W. H. Boles for the sum of $1,665.60. In due time an order of sale was issued, which resulted in a collection reducing the judgment to $1,164.75. Later an alias execution was issued to Henderson county and returned without any levy. Still later another alias execution was issued and returned showing a levy on two tracts of land, the sale of which had been enjoined by an order of the district court. On May 17, 1923, Knox Henderson, a member of the partnership firm of Garrett-Henderson Grocery Company, applied for a writ of garnishment against the First National Bank of Jacksonville, the appellant in this proceeding. The affidavit was in the usual form of applications for writ after judgment. It recited that if the bank had effects or money on deposit, in the name of L. A. Baker, wife, or R. W. Baker, then the affiant had good reason to believe and did believe that the money or property so held belonged to defendant R. W. Baker. The affidavit was signed by Knox Henderson for himself and as agent for other parties named as plaintiffs in the original suit. The bank promptly filed a formal answer alleging, in effect, that it had no money or effects, in its custody belonging to R. W. Baker or the other defendants in the original suit, and that it was not indebted to any of them at the time the writ was served and the answer filed. Knox Henderson, as one of the plaintiffs, filed a contest to the answer and reiterated the charge that the garnishee was holding effects belonging to R. W. Baker in the name of his wife. This contest was followed by other pleadings which did not materially affect the issues of fact. In the last amended answer the garnishee was joined by R. W. Baker. Among other things, they excepted to the sufficiency of the original affidavit for the writ of garnishment. Upon a trial before the court without a jury, a judgment was rendered against the garnishee for the balance due on the judgment. Both the First National Bank and R. W. Baker have appealed.

[1] Among other objections to the judgment, they insist that it was not supported by the evidence. The testimony shows that at the time the writ was served the bank had on deposit in the name of Mrs. L. A. Baker funds in excess of the balance due on the judgment. It was further shown that these funds were proceeds of cotton sold which had been grown on a farm acquired during the time R. W. Baker and Mrs. L. A. Baker were husband and wife. Mrs. Baker, however, testified that this property was purchased with her separate means. The deed to the land was not offered in evidence, and no witness testified as to its contents. The court had a right to disregard the testimony of Mrs. Baker and to conclude from the other undisputed facts that the farm was a part of the community estate of Baker and wife. If the appellant wished to protect itself against a future claim by Mrs. Baker, it should have made her a party to the suit. Why this was not done is not disclosed by the record. She was present and testified

---

on the trial of the case, but was not an actual party to the suit.

[2] It is also contended that the garnishment proceedings should have been dismissed because the evidence showed that Knox Henderson was at the time of the garnishment trial the sole owner of the judgment. It was disclosed in the proceedings that after the rendition of the original judgment against Baker and others, Henderson acquired the interest of all the other parties plaintiff in that suit. That fact is of no concern to Baker or to the garnishee in the present litigation. Whatever sum may be adjudged against the garnishee in this proceeding will fully extinguish the claim, and the proceeds when paid will pass to the only party which is entitled to receive them.

There are numerous assignments of error, based mainly upon technical objections, which we conclude are without merit.

The judgment will therefore be affirmed.