### FOX v. KROEGER. · (No. 7974.)

Court of Civil Appeals of Texas. San Antonio. March 21, 1928.

Rehearing Denied April 25, 1928.

Principal and surety ☞177—Surety on note for accommodation of maker purchasing it from payee may sue principal thereon.

A surety on a promissory note for the accommodation of the maker may purchase obligation, executed by both of them, from payee, and maintain suit against maker and principal.

Appeal from Victoria County Court; P. P. Putney, Judge.

Action by J. H. Kroeger against B. J. Fox, executor of the estate of Mrs. C. M. Fox, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

E. L. Dunlap, of Victoria, for appellant. C. C. Carsner, of Victoria, for appellee.

SMITH, J. On June 28, 1921, Mrs. C. M. Fox executed her promissory · note for the sum of $769.03, payable, twelve months after date, to the order of the Levi State Bank & Trust Company, of Victoria. J. H. Kroeger also executed the note, but as an accommodation surety. At the maturity of the obligation, the bank called upon Kroeger, the surety, for satisfaction. Kroeger thereupon purchased the note from the bank, in consideration of his individual note for the amount involved, whereupon the bank transferred the instrument to Kroeger, giving him a written assignment as evidence of the transaction, and delivered it to him, uncanceled. Kroeger held the note, and shortly before four years after its maturity date brought suit thereon against B. J. Fox, executor of the estate of Mrs. C. M. Fox, the principal, whose death had occurred in the meantime. Upon a trial before the court without a jury, judgment was rendered in favor of Kroeger against Fox for the amount of the note, with interest and attorney's fees. Fox has appealed. We are indebted to counsel for both parties for an unusually lucid and helpful presentation of the case.

It is contended by appellant that the transaction between Kroeger and the bank amounted to the full payment and discharge of the original note; that Kroeger's only remedy against his principal was a cause of action upon an implied promise of reimbursement after he had paid off and discharged said note as a surety; and that this cause of action was barred by the statute of limitation of two years, it being conceded that that period had elapsed when the suit was commenced.

Appellee's counter proposition is that—

"A surety on a promissory note, for the accommodation of the maker, could purchase the obligation, executed by both of them, from the payee bank and maintain a suit thereon against the maker and principal."

We conclude that appellee's contention is sustained by the authorities. Security Nat. Bank ·v. Kynerd (Tex. Com. App.) 228 S. W. 123; Brokaw v. Collett (Tex. Civ. App.) 230 S. W. 790; Durham v. McDowell (Tex. Civ. App.) 265 S. W. 425. The facts in this case come well within the facts in the cited cases, which are decisive.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes