FIRST NAT. BANK IN BRONTE v. LITTLE et al. (No. 10289.)

Court of Civil Appeals of Texas. Dallas. April 28, 1928.

1. Courts ⬦480(2)—Where determination of validity of judgment sought to be enjoined requires resort to evidence dehors record, court pronouncing judgment has exclusive power to try injunction (Rev. St. 1925, art. 4656).

Where determination of validity of judgment sought to be enjoined requires resort to evidence dehors the record, court pronouncing

judgment has exclusive power to try an injunction brought to stay execution issued thereon, under Rev. St. 1925, art. 4656.

2. Courts ⬤➾480(3)—District judges may issue temporary writs to stay executions on judgments by county courts, but matter should be made returnable to county court (Rev. St. 1925, art. 4656).

Under Rev. St. 1925, art. 4656, district judges are authorized to issue temporary writs to stay executions rendered on judgments by county courts, but matter should be made returnable for final trial to county court rendering judgment.

3. Courts ⬤➾480(2)—Injunction suit to restrain garnishment proceedings must be tried in court rendering judgment, though judgment debtor, plaintiff, was not record party in garnishment proceedings (Rev. St. 1925, art. 4656).

Rev. St. 1925, art. 4656, providing that writs of injunction granted to stay proceedings in suit or execution on judgment shall be returnable to and tried in court where such suit is pending or such judgment was rendered, applied where plaintiff, the judgment debtor, in suit to restrain garnishment proceedings, was not party to record in garnishment proceedings, since garnishment proceedings were ancillary to and part of the main case.

4. Banks and banking ⬤➾72—Bank forfeiting right to do business by failure to pay tax did not forfeit right to transfer judgment (Rev. St. 1925, arts. 7091, 7092).

Where bank failed to pay franchise tax, and thus forfeited its right to do business, under Rev. St. 1925, arts. 7091, 7092—that is, to pursue its usual and authorized business of banking—it did not forfeit its right to sell or transfer judgment in its favor.

5. Banks and banking ⬤➾72—Bank's failure to pay franchise tax did not forbid issuance of writ of "garnishment" on judgment in its favor; "garnishment" (Rev. St. 1925, arts. 7091, 7092).

Bank's forfeiture of right to sue, under Rev. St. 1925, arts. 7091, 7092, by failure to pay franchise tax, did not forbid issuance of writ of garnishment on judgment in its favor at its instance or in its name, since "garnishment" is species of execution, is remedial in nature, and pertains exclusively to remedy and not to right, and therefore suing out writ of garnishment to enforce collection of judgment was not equivalent to institution of suit to vindicate right.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Garnishment.]

6. Banks and banking ⬤➾72—Owner of judgment in favor of bank which had forfeited right to do business by failing to pay franchise tax could sue out writ of garnishment in bank's name (Rev. St. 1925, arts. 7091, 7092).

Owner of judgment in favor of bank which forfeited its right to do business, under Rev. St. 1925, arts. 7091, 7092, by failing to pay franchise tax, was authorized to sue out writ of garnishment in name of such bank.

7. Garnishment ⬤➾235(2)—Payment by garnishee of judgment against it out of funds belonging to judgment debtor extinguishes original judgment against him (Rev. St. 1925, art. 4101).

Payment by garnishee of judgment rendered against it out of funds belonging to judgment debtor extinguishes original judgment against him and constitutes sufficient answer to assertion of any claim thereunder, under Rev. St. 1925, art. 4101.

8. Taxation ⬤➾533—Judgment debtor could not restrain garnishment in name of judgment creditor bank which forfeited right to do business by failure to pay tax, wherein owner of judgment intervened (Rev. St. 1925, arts. 7091, 7092).

Judgment debtor *held* not entitled to injunction to restrain collection of judgment by garnishment proceedings instituted in name of judgment creditor, a bank which had forfeited its right to do business, under Rev. St. 1925, arts. 7091, 7092, by failing to pay franchise tax, in which garnishment proceedings owner of judgment intervened.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by I. C. Little and others against the First National Bank in Bronte. From an order for issuance of a temporary writ of injunction, defendant appeals. Temporary writ dissolved, and petition therefor dismissed.

Hamner & Ponder, of Sweetwater, for appellant.

W. B. Harrell, of Dallas, for appellees.

LOONEY, J. The record before us discloses that, on March 21, 1921, First State Bank of Bronte recovered a judgment in the county court of Coke county, Tex., against I. C. Little, appellee, for $575.20, with 10 per cent. interest per annum, and on October 14, 1927, James Spiller, purporting to act as agent and attorney for the state bank, made the necessary affidavit and caused the issuance of a writ of garnishment directed to and served upon the Republic National Bank of Dallas, Tex., commanding it, as the law requires, to answer as to its indebtedness, etc., to I. C. Little. In due time the garnishee answered, interposed a plea of privilege, and insisted that it should not be required to answer the writ of garnishment for the reason that First State Bank of Bronte, plaintiff in judgment, forfeited its right to do business on July 3, 1922, as a penalty for nonpayment of a franchise tax due the state, and that the judgment as a result became a nullity for the want of a party plaintiff. Further answering, garnishee admitted an indebtedness to I. C. Little of $1,550, which it was holding subject to the orders of court, wherefore it asked to be discharged with its costs and an

allowance of $150 reasonable attorney fees for answering.

The First National Bank in Bronte, appellant, was granted leave to and intervened in the garnishment suit, alleged its ownership of the judgment on which the garnishment was based, specially excepted to that part of the answer of garnishee alleging that First State Bank of Bronte, plaintiff in the original judgment, had forfeited its right to do business by failing to pay the franchise tax, etc., insisting that that was a matter of no concern to the garnishee, that the only issue between them being whether or not the garnishee was indebted, etc., to Little, defendant in judgment. Wherefore it prayed that its ownership of the judgment and legal rights thereunder be enforced; that it have judgment against the garnishee for the full amount of the original judgment, interest, and costs.

On October 23, 1927, the case was tried, the plea of privilege of garnishee was overruled, the special exception urged by appellant to that portion of the garnishee's answer alleging that the state bank had forfeited its right to do business by failing to pay the franchise tax was sustained, and all allegations with reference to that subject were stricken out, and, on hearing the evidence, the court found that, appellant, as owner of the original judgment against Little, on which the garnishment was based, was entitled to prosecute the suit, and thereupon rendered judgment in its favor against the garnishee for $940.45, being the amount of the original judgment, interest, and costs. The court also allowed garnishee $75 attorney fee to be taxed as part of the costs, and directed that the original judgment and costs be paid by garnishee out of its indebtedness to I. C. Little, and that on such payment said judgment would be satisfied and discharged.

On February 29, 1928, I. C. Little filed this suit against Republic National Bank of Dallas and First National Bank in Bronte, alleging in detail the facts hereinbefore recited, contending that the garnishment proceedings and the judgment rendered therein were unauthorized and void for the reason that, prior to the institution of said proceedings, the First State Bank of Bronte had been dissolved for the nonpayment of franchise tax imposed upon it by law; that the garnishee was holding $1,550 of plaintiff's money subject to the orders of court, and, unless restrained, appellant will cause execution to issue on the judgment, and that garnishee will, in obedience to said writ, pay, or cause to be paid, the judgment and costs out of plaintiff's funds; that the plaintiff was not a party to the garnishment proceedings, had no right to prosecute appeal therefrom, and, unless injunction is issued, he will suffer irreparable injury; that he has no other adequate remedy; wherefore he prayed for the issuance of a temporary writ restraining the First National Bank in Bronte from asserting any claim under the alleged void judgment and restraining the Republic National Bank from paying the judgment, or any part thereof.

Plaintiff further alleged that he had been compelled, in order to protect his interest by reason of the facts hereinbefore recited, to employ an attorney at a cost to him of $500; that, by reason of the unauthorized garnishment proceedings, his funds had been impounded since October 17, 1927, to his damage $250; and that said proceedings were instituted by First National Bank in Bronte willfully and maliciously for the purpose of injuring and harassing plaintiff, to his damage $1,000; wherefore he prayed that on final hearing the temporary writ be made permanent; that he have judgment against First National Bank in Bronte for $750 actual, and $1,000 exemplary, damages.

On presenting the sworn petition, containing these allegations, the trial judge ordered the issuance of a temporary writ, from which First National Bank in Bronte has appealed.

Appellant contends that the judgment enjoined was not shown to be void from any recitation therein or from anything contained in the supporting record, hence the district court of Dallas county is without jurisdiction to try the injunction; that the only power it possessed in the premises, after granting the temporary writ, was to transfer the matter to the county court of Coke county, the court that pronounced the judgment, for final trial.

This insistance is based on article 4656 (4653) (2996), R. S. 1925, as follows:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * *"

[1, 2] The law is well settled in this state that, where the determination of the validity of a judgment sought to be enjoined requires resort to evidence dehors the record, the court pronouncing the judgment has exclusive power to try an injunction brought to stay execution issued thereon. Cotulla State Bank v. Herron (Tex. Civ. App.) 218 S. W. 1091; Wright v. Shipman (Tex. Civ. App.) 279 S. W. 296. District judges are authorized to issue temporary writs to stay executions on judgments rendered by county courts, but the matter should be made returnable for final trial to the county court rendering the judgment. Hammack v. Schley (Tex. Civ. App.) 186 S. W. 872; Murph v. Bass (Tex. Civ. App.) 276 S. W. 767. The county court of Coke county sustained appellant's special exception to the answer of garnishee and struck out all allegations in regard to the forfeiture for nonpayment of

franchise tax of the right of the First State Bank of Bronte to transact business and to sue; thus the record was effectually denuded of any reference whatever to that subject. It is therefore evident that the attack made by appellee on the judgment against the garnishee was based on a matter dehors the record, and thus the case is brought clearly within the rule just announced.

[3] However, as Little was not a party to the record in the garnishment proceedings, the question arises whether the statute above quoted is applicable to this suit.

In the case of Carey v. Looney, 113 Tex. 93, 251 S. W. 1040, after reviewing conflicting decision on the subject, the Commission of Appeals, in an opinion approved by the Supreme Court, held that this statute has no application to a suit brought by a stranger to proceedings sought to be enjoined.

Our inquiry is reduced to this: Was appellee a stranger to the garnishment proceedings within the meaning of the statute in question? We think not. It is true he was not a formal or record party, yet the garnishment proceedings were ancillary to and a part of the main case in which First State Bank of Bronte recovered judgment against him.

Our courts have repeatedly held that garnishment is ancillary to the main case, and is not to be separated therefrom.

This rule was clearly announced by the Court of Civil Appeals in Townsend v. Fleming, 64 S. W. 1006, in the following language:

"Whatever may be the law in other states, or the views of text-writers upon the question, we deem it to be the settled law of Texas that a proceeding by garnishment is merely ancillary to and a part of the principal case in which the judgment sought to be satisfied by such writ was rendered, and that it is the only court having jurisdiction for the commencement of such proceedings."

This doctrine was reannounced in King v. Porter, 113 Tex. 198, 252 S. W. 1022, and in Wilson v. Young, etc. (Tex. Civ. App.) 262 S. W. 873. We are of the opinion, therefore, that appellee was not a stranger to the garnishment proceedings; that he was, to say the least, a constructive party thereto; and the statute in question is applicable to the case. It follows that, if the district judge was justified in issuing the temporary writ, he should have made the same returnable to the county court of Coke county for final trial.

This brings us to inquire whether the writ should have been granted at all. As above stated, it was not made to appear by any recitation in the judgment, or by anything in the record, that the judgment was void, nor was it shown that the judgment had been paid in whole or in part, nor was it contended that appellant was not the real owner of the same; appellee's sole contention being that the judgment rendered against garnishee is void, for the reason that the garnishment proceedings were instituted in the name of First State Bank of Bronte a defunct corporation without existence either in fact or law, and that no process could issue in its name after dissolution.

[4, 5] Appellee supported this contention by a certificate of the secretary of state of this state, dated January 24, 1928, attached as an exhibit to his petition, reciting:

"That the First State Bank of Bronte, Tex., was incorporated under the laws of Texas on January 11, 1906, and that said corporation forfeited its right to transact business in Texas July 3, 1922, for nonpayment of its annual franchise tax."

We cannot assent to the correctness of the proposition that the failure of the bank to pay the franchise tax resulted eo instanti in the dissolution of its corporate existence, nor would this result afterwards without judicial ascertainment. The penalty the statute visits on a corporation for such delinquency is to deprive it, during the period of suspension, of the right to do business and as a litigant to sue or defend an action brought against it, except one to forfeit its charter. The statute goes no further than this, the courts have so held. Articles 7091, 7092, R. S. 1925; Canadian Country Club v. Johnson (Tex. Civ. App.) 176 S. W. 835, 839; Bunn v. City of Laredo (Tex. Civ. App.) 213 S. W. 320.

By failing to pay the franchise tax, the bank forfeited its right to do business—that is, to pursue its usual and authorized business of banking—but this did not, in our opinion, forfeit its right to sell or transfer a judgment in its favor. Bunn v. City of Laredo (Tex. Civ. App.) 213 S. W. 323. Neither did the forfeiture of its right to sue forbid the issuance of the writ of garnishment at its instance or in its name. Garnishment is a species of execution, is remedial in nature, pertains exclusively to the remedy and not to the right; hence it cannot, in our opinion, be correctly said that suing out a writ of garnishment to enforce collection of a judgment is equivalent to the institution of a suit to vindicate a right. 28 C. J. p. 19, § 4.

[6] Appellant owned the original judgment on which the garnishment proceedings were based, but it was not shown when or how—that is, whether by parole or written transfer—it acquired title. Under this state of facts, appellant was, in our opinion, authorized to sue out the writ of garnishment in the name of the state bank, plaintiff in the original judgment. Garvin v. Hall, 83 Tex. 295, 299, 300, 18 S. W. 731.

This question, however, pertains to the regularity of the garnishment proceedings, and is in effect an attack on the validity of

the judgment against the garnishee for an alleged defective affidavit. Whether such objection to the garnishment proceedings would have been well taken, if urged in the garnishment suit proper, we do not decide, but do hold, that the matter is not available to appellee as a ground for the issuance of injunction against the enforcement of the judgment rendered against garnishee.

[7] The payment by garnishee of the judgment rendered against it, out of funds belonging to appellee, will extinguish the original judgment against him and constitute a sufficient answer to the reassertion of any claim thereunder (article 4101, R. S. 1925), and the funds will go to the only party entitled to receive same. First National Bank of Jacksonville v. First State Bank of Jacksonville (Tex. Civ. App.) 269 S. W. 154, affirmed by the Supreme Court 291 S. W. 206.

[8] We are of the opinion, therefore, that appellee was not entitled, under the showing made, to the aid of a court of equity to frustrate or defeat the collection of a judgment, the validity and justice of which he did not call in question.

Appellee's suit for damages against appellant, and appellant's plea and answer thereto disclosed by the record, are not before us, and, of course, will stand for trial in the court below as though this appeal had not been prosecuted.

The temporary writ is dissolved, and the petition therefor is dismissed.