**JAGOE CONST. CO. v. UNITED STATES FIDELITY & GUARANTY CO. et al.**

**No. 4027.**

Court of Civil Appeals of Texas. Texarkana.
May 12, 1931.

Rehearing Denied May 21, 1931.

Seay, Seay, Malone & Lipscomb, of Dallas, and C. O. James, of Sulphur Springs, for appellees.

WILLSON, C. J. (after stating the case as above).

The contention of appellant that, as between it and the appellee fidelity and guaranty company, the casualty company was the principal in the supersedeas appeal bond, notwithstanding it (appellant) executed the bond as principal and the casualty company did not execute same at all, is on the theory that the casualty company, by assuming charge of and conducting the defense of the Harrison suit as required by its contract with appellant, became a party to that suit, taking appellant's place as the defendant therein in the district court and its place as appellant on the appeal to this court.

That being true, it was alleged, and the fidelity and guaranty company being chargeable with knowledge of the fact, it was alleged, further, it is argued that the fidelity company should not be treated as the surety of appellant on the supersedeas bond, but should be treated, instead, as the surety of the casualty company, and be required to look to that company instead of to appellant for reimbursement of the sum it was bound to pay as such surety. In that view of the case appellant insists it was entitled to the injunctive relief granted to it by the Tarrant county district court, and that the Hopkins county district court therefore erred when it determined to the contrary and dissolved the injunction.

We do not think there is merit in the contention. If it should be conceded that the holding of the Supreme Court in American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633, warranted the conclusion that the casualty company by taking charge of the defense of the Harrison suit became a party thereto and as such a party incurred liability to appellant, it would not follow that appellant who, alone, executed the supersedeas bond as the principal therein, was not liable as such to the fidelity and guaranty company as the surety therein. Clearly on the face of the bond it was so liable, but if it was not we think it sufficiently appeared in the pleadings that it was estopped from asserting to the contrary.

The fact alleged, that the bond was executed by the fidelity and guaranty company at the request of the casualty company and not at appellant's request, is of no importance, we think. Under the terms of the contract between the casualty company and appellant, the former was authorized to act for the latter in making such a request; or, if it was not, certainly appellant, when it executed the bond and by force of it obtained by appeal a review of the judgment against

Burgess, Burgess, Chrestman & Brundidge, of Dallas, and Sullivan, Speer & Minor, of Denton, for appellant.

it, ratified the assumption of such authority by the casualty company and was estopped to deny it was the principal in the bond and liable as such, not only to the obligees in the bond, but to the fidelity and guaranty company as its surety, as well.

While we think the action of the trial court in dissolving the injunction granted by the Tarrant county district court was justifiable on the theory that appellant in its petition did not pray for the temporary injunction granted to it (City of Jacksonville v. Devereux [Tex. Civ. App.] 286 S. W. 572), and perhaps on other grounds than the one discussed, as well, we are satisfied to rest the affirmance of the judgment on the conclusion reached that it appeared appellant was not in any event entitled to the relief it sought.

The judgment is affirmed.