## JAGOE CONST. CO. v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 1402—6030.

Commission of Appeals of Texas, Section B.
March 22, 1933.

Sullivan, Speer & Minor, of Denton, and Burgess, Burgess, Chrestman & Brundidge, of Dallas, for plaintiff in error.

Seay, Seay, Malone & Lipscomb, of Dallas, and C. O. James, of Sulphur Springs, for defendant in error.

SHORT, Presiding Judge.

This suit had for its basis in the pleadings an application for the issuance of a writ of temporary injunction, which was thereafter, upon a hearing, dissolved by the trial court, whose judgment was thereafter affirmed by the Court of Civil Appeals at Texarkana, 38 S.W.(2d) 824. The Supreme Court granted the application on the first assignment therein, which reads as follows:

"The liability of the principal to his surety arises solely by reason of the contract implied by law from the request made by the principal to his surety for his signature; and since the appellant never at any time requested the appellee to act as his surety and would not have done so, not desiring to appeal said cause, and preferring that the judgment be discharged by the Southern Casualty Company, no obligation upon the part of the appellant ever arose to reimburse the appellee for any amount that it might pay on said judgment, and the appellee had no right of execution against the appellant thereon, and the trial court erred in dissolving the injunction."

Since the record is comprised chiefly of the pleadings of the parties, the facts tendered by the plaintiff in error, both in the form of an affidavit and an accepted statement by counsel as being true, and since the statement of the case in the application for the writ of error appears in harmony with the record, we adopt it as correct. That statement is as follows:

"On June 6, 1927, Southern Casualty Company, a corporation, authorized to write casualty insurance in the state of Texas, but not surety business, issued to your petitioner, Jagoe Construction Company, a policy of liability insurance, insuring it against liability for damages on account of personal injuries alleged to have been sustained by any person as a result of negligence on the part of your petitioner, said policy having as its limits $10,000 for any one person on account of any one accident, the policy covering by its terms for a period of one year from June 6, 1927.

"On or about the 12th day of February, 1928, and while the policy was in full force and effect, an accident occurred in which one Herschel Harrison, a minor son of Lena Harrison, was injured. Your petitioner gave notice of the accident to the casualty company. When suit was brought by Lena Harrison, as next friend, against your petitioner, in cause No. 7704, in the district court of Hopkins county, Tex., it forwarded the petition to the casualty company. The casualty company upon receiving notice of the accident investigated the same; and when suit was filed it took charge of the litigation, and conducted the same at all times by its attorneys. On a

trial being had, a judgment was rendered against your petitioner for $6,000, which was appealed by the casualty company to the Court of Civil Appeals at Texarkana, which court reversed the judgment and remanded the case for a new trial [17 S.W.(2d) 861].

"Upon a retrial of the case, judgment was again rendered against your petitioner for $5,000. The casualty company again filed a motion for new trial; and the same being overruled, it procured the United States Fidelity & Guaranty Company to execute for it a supersedeas bond, upon which it again appealed the case. Upon this appeal the judgment of the district court was affirmed by the Court of Civil Appeals at Texarkana [28 S.W.(2d) 232], and a judgment was thereupon rendered against your petitioner and the guaranty company as surety on its supersedeas bond. Mandate having issued to the district court, an execution was obtained by the plaintiff, Harrison, and the guaranty company, as surety, paid the judgment. Southern Casualty Company having in the meantime become insolvent and gone into the hands of a receiver, the guaranty company applied to the district clerk for, and obtained, an execution against your petitioner, and placed the same in the hands of the sheriff of Tarrant county, Tex., for levy upon certain road machinery belonging to your petitioner and with which it was at that time fulfilling certain road contracts had by it with the county and state.

"Upon notice of intention to levy an execution by the sheriff of Tarrant county, your petitioner applied to the Honorable Hal S. Lattimore, judge of the Ninety-sixth judicial district court of Tarrant county, Tex., for a writ of injunction, on the ground that your petitioner had never requested the surety company to execute a supersedeas bond, that the bond was executed by the guaranty company at the request of the Southern Casualty Company and solely in reliance upon its financial responsibility, and its agreement to indemnify the surety company, and in pursuance to a treaty or standing agreement between it and the casualty company whereby it executed all bonds required by the casualty company in any litigation, wherein the casualty company was defendant, or wherein it was obligated for the judgment by reason of its contract with its assured; by reason of all of which your petitioner claimed that no obligation ever arose whereby it became bound to reimburse the surety company for the amount paid by it in satisfaction of the judgment.

"Injunction was issued by the aforesaid judge of the Ninety-sixth judicial district court of Tarrant county, returnable to the district court of Hopkins county, Tex. The surety company made a motion to dissolve the injunction, challenging the sufficiency of the allegations to authorize the relief granted, and, in part, denying the allegations. Upon a hearing on the motion to dissolve, your petitioner tendered, by way of proof, the special agent of the casualty company, as a witness, and, in the alternative, his affidavit in detail to all of the facts concerning the execution of the bond, which the trial court refused to hear, on the ground that on the pleadings it appeared that the surety company was entitled to have the injunction dissolved.

"It might be mentioned here, parenthetically, that the facts alleged and offered to be proven in connection with the execution of the bond established a custom on the part of the special agent of the casualty company, upon any judgment being rendered against the casualty company, or one of its assureds, to communicate with the home office of the casualty company at Alexandria, La., advising of the necessity of the bond, whereupon the home office of the casualty company would obtain said bond from the general agents of the surety company at Alexandria, La., with directions from said general agents to a local executing agent of said company in Texas to execute the same on behalf of the general agents in Alexandria, La. The president and vice president, respectively, of Southern Casualty Company was one Alexander and one Bolton. These two gentlemen operated an insurance agency at Alexandria, La., styled Alexander & Bolton Insurance Agency. In this specific case the special agent of the casualty company at Dallas sent a form of bond required to his home office who in turn requested its execution by Alexander & Bolton Insurance Agency, as general agents of the surety company, which agency thereupon wrote a letter to the Dallas agent of the surety company, asking that he execute this bond as local executing agent in Texas, or, that it be done by the Sulphur Springs agent. At the same time, the home office of the casualty company wrote its special agent that arrangements had been made for the bond, and that the letter from Alexander & Bolton Insurance Agency might be presented to the local agent in Texas and the bond executed. In the same letter, the special agent of the casualty company was advised that the principal's, that is, your petitioner's, name might be signed by its, the casualty company's, attorneys.

"Upon receipt of these letters, they were both presented to local agent of the surety company who thereupon executed the supersedeas bond. No inquiry was made of the financial responsibility of your petitioner, no indemnity agreement was required of petitioner, but was of the casualty company, and, so far as the special agent of the casualty company knew, the bond was executed solely by reason of the arrangement made between the home office of the casualty company and the general agents of the surety company at Alexandria, La.

"However, in transmitting the bond to its attorneys, the casualty company's special

agent directed the attorneys to secure the signature of Jagoe Construction Company to the bond. The contract between the casualty company and your petitioner provided that the company had the right to settle any claim or suit; and that your petitioner should aid in securing information, attendance of witnesses, and prosecuting appeals, and, except in a pecuniary way, render all co-operation and assistance. The contract further provided that your petitioner should not assume any liability or interfere in any negotiations or legal proceedings conducted by the company on account of any claim. In pursuance to the contractual relationship and the duties thereunder your petitioner executed the bond, as principal, upon the request of the attorneys for the casualty company.

"The surety company knew all of the facts in connection with the transaction, knew that the Southern Casualty Company was bound on the judgment, knew that it desired to appeal, and that your petitioner had no voice or control as respects the litigation; and, knowing all such facts, accepted the indemnity from the casualty company and executed its bond solely in reliance upon the financial responsibility of the casualty company. All of the foregoing facts were alleged and proof thereof offered, and upon consideration of such allegations the injunction granted was dissolved.

"Your petitioner in due time presented its case for review and correction to the Court of Civil Appeals at Texarkana. Upon consideration of the matter the Court of Civil Appeals affirmed the judgment of the trial court, the opinion being, after statement of certain facts, in the following language:

" 'We do not think there is merit in the contention. If it should be conceded that the holding of the Supreme Court in American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633, warranted the conclusion that the casualty company, by taking charge of the defense of the Harrison suit, became a party thereto and as such a party incurred liability to appellant, it would not follow that appellant who, alone, executed the supersedeas bond as the principal therein, was not liable as such to the fidelity and guaranty company as the surety therein. Clearly on the face of the bond it was so liable, but if it was not we think it sufficiently appeared in the pleadings that it was estopped from asserting to the contrary.

" 'The fact, alleged, that the bond was executed by the fidelity and guaranty company at the request of the casualty company and not at appellant's request, is of no importance, we think. Under the terms of the contract between the casualty company and appellant, the former was authorized to act for the latter in making such a request—or, if it was not, certainly appellant when it executed

the bond and by force of it obtained by appeal a review of the judgment against it, ratified the assumption of such authority by the casualty company and was estopped to deny it was the principal in the bond and liable as such, not only to the obligee in the bond, but to the fidelity and guaranty company as its surety, as well.' [38 S.W.(2d) 824]."

The defendant in error has filed in the Supreme Court an additional argument and citation of authorities supplementing the brief which was filed on its behalf by the Court of Civil Appeals, in which it makes this statement: Your defendant in error respectfully suggests to this honorable court that, in the granting of this application for writ of error, an important and fundamental question, namely that of jurisdiction, has apparently been overlooked. That situation was probably brought about by reason of the fact that the opinion of the Honorable Court of Civil Appeals, which was under consideration, did not discuss the question, and, naturally, the application for the writ of error made no mention of it.

It is true the defendant in error did urge in the Court of Civil Appeals, as well as the trial court, that this proceeding was instituted in the wrong forum. That is, that it should have not been instituted, as it was, by the application for the issuance of the temporary writ of injunction and the granting thereof by the Honorable Hal. S. Lattimore, judge of the Ninety-sixth district court of Tarrant county, to enjoin the collection of a judgment rendered by the district court of Hopkins county, when, according to the contention of the defendant in error, in the Court of Civil Appeals, as well as in the trial court, the Tarrant county district judge was without jurisdiction to issue the writ. In the additional argument and citation of authorities filed in the Supreme Court, the contention is made that neither one of these district courts, or in fact any district court, would have any jurisdiction to issue a writ of injunction under the facts shown by this record, for want of jurisdiction, in that the purpose of the writ, apparently, from the standpoint of the defendant in error, was to nullify a final judgment rendered by the Court of Civil Appeals. and contending that the issuance of such a writ under these circumstances was an attempt on the part of an inferior court to set aside the judgment of a superior court and interfere with its execution. In other words, the contention of the defendant in error is that no final judgment rendered by a court of competent jurisdiction can be nullified, set at naught, or canceled, save and except by the court which rendered the judgment, based upon proper allegations and proof after due notice, and that in this case the Court of Civil Appeals at Texarkana is the only court which could interfere in anywise with the due process issued to execute the judgment rendered in

this case. It cites, in support of its contention, many authorities, among which are the following: Long v. Martin (Tex. Civ. App.) 260 S. W. 327, 328; Halbrook v. Quinn (Tex. Civ. App.) 286 S. W. 954, 955; First National Bank v. Little (Tex. Civ. App.) 6 S.W.(2d) 819; Cattlemen's Trust Company of Fort Worth v. Willis (Tex. Civ. App.) 179 S. W. 1115. In the Halbrook Case, Justice Boyce quoted from the Supreme Court of Washington in the case of the State upon the relation of Wolferman v. Superior Court of Spokane County, 8 Wash. 591, 36 P. 443, 444, as follows: "We are of the opinion that the jurisdiction of the lower court is involved in a case like this, to the extent that we may look into the cause of action there set up when we are applied to for a writ of prohibition, and that we should do so, as it is necessary for the due protection and enforcement of the powers vested in this court by the constitution. * * * And, should it appear from such investigation that the suit or proceeding sought to be prohibited is in fact an unwarranted interference with a judgment rendered by this court, we may * * * grant the writ, and the proposition may still hold good, or at least be left an open question, that an action may be instituted in the lower court to vacate a judgment rendered in this court upon sufficient grounds."

The defendant in error also raised the question in the trial court, and in the Court of Civil Appeals, that the judgment of the Court of Civil Appeals decreeing that plaintiff in error was principal, and the defendant in error was surety, on the supersedeas bond is res adjudicata of the question of capacity, in which the parties signed the bond, citing, among other authorities, Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357, to the effect that since all parties were properly before the court on a motion to correct the judgment, all issues between the parties, which could have been raised, will be treated as disposed of, and the judgment will be held to be res adjudicata of the question of fraud in the rendition of the original judgment, although it was not expressly passed upon. It also cites the case of White v. Burch (Tex. Civ. App.) 33 S.W.(2d) 512, 514, which, among other things, says: "It is also well recognized that not only is a former judgment decisive of all questions that were raised in the former suit, but of all questions that were involved in the former suit and could and should have been raised."

The two questions presented by the defendant in error, as above stated, are kindred ones and both of them involve the jurisdiction of the district courts, both of Tarrant and of Hopkins counties, to pass upon the matters presented in this proceeding as they have, and we will discuss both of them together.

The main legal principles discussed in the various cases cited by the defendant in error are unquestionably correct ones, and if this proceeding had for its purpose and effect to impair in the least the judgment rendered by the Court of Civil Appeals in Cause No. 7704 on the docket of the district court of Hopkins county, wherein Lena Harrison, as the next friend of the minor, Herschel Harrison, recovered a judgment against the plaintiff in error for the sum of $5,000, from which judgment there was prosecuted an appeal to the said Court of Civil Appeals, in which a supersedeas bond was executed apparently at the instance and request of the plaintiff in error, by the defendant in error, as surety for the plaintiff in error, then the position taken by the defendant in error would be a correct one, and the authorities cited by it would be applicable. However, the statement which we have copied from the application for the writ of error conclusively shows that the purpose of this suit is not to impair the validity of the judgment of the Court of Civil Appeals, nor is its purpose in anywise to nullify that judgment. The suit brought by Lena Harrison against the plaintiff in error was a suit at law based upon the negligence of the plaintiff in error, and recovery having been had the demands of Lena Harrison, as the next friend of Herschel Harrison, were finally satisfied, and she passed out of the picture by reason of the fact that she has no complaint to lodge against any one, growing out of that transaction. All of the authorities cited by the defendant in error, in support of its contention that this suit is an attempt to impair the validity of the judgment rendered by the Court of Civil Appeals, disclose the fact to be that the successful parties in the original suit still were claiming some interest in the result of the litigation at the time these several opinions were rendered, while, in the case at bar, the successful party is shown not to have had any interest in the result of this litigation. Moreover, this is merely a suit in equity based upon an alleged contract supposed to have been made by the Southern Casualty Company, who had assumed all obligations incurred by the plaintiff in error on account of its negligence, resulting in the damage to the minor, Herschel Harrison, on the one part, and the defendant in error upon the other part, by the terms of which contract the latter became, for a consideration, a surety for the Southern Casualty Company, by the terms of which contract, the defendant in error agreed to execute a certain supersedeas bond in a certain law suit in which the casualty company itself, for a consideration, obligated itself to become liable to the plaintiff in error in that law suit, should a recovery be had, and in which the casualty company had agreed to defend said law suit upon certain conditions, one of which was that the original defendant in that law suit (the plaintiff in error here), should permit the said Southern Casualty Company to exercise exclusive control in the management thereof. The

petition of the plaintiff in error set forth these facts and upon a hearing of the facts admittedly supported all of the material allegations in its petition. We have concluded that the real parties to this law suit in equity (the Southern Casualty Company having become insolvent) are not the Jagoe Construction Company and Lena Harrison, as the next friend of Herschel Harrison, who were the real parties in the original case, but are the defendant in error, occupying the relationship of a surety to the Southern Casualty Company upon the one part, and the Jagoe Construction Company upon the other, and that the real issues in this case are totally foreign to and different from the real issues in the original case.

In the original case, the Court of Civil Appeals necessarily concluded that so far as the rights of Lena Harrison, as the next friend of Herschel Harrison, were concerned, the plaintiff in error was the principal obligor, and the defendant in error was the secondary obligor, to Lena Harrison, as next friend, against whom, as such, she had a right to demand certain sums of money. In other words, the Court of Civil Appeals had no such issues presented to it, as are involved in this case. It knew nothing of the facts alleged and proven upon the trial of this case. In truth, according to the record, the plaintiff in error was under obligation to the Southern Casualty Company to allow the latter to use the name of the former in litigating the law suit with Lena Harrison, but had no right to interfere with that company in the control of the case.

The Court of Civil Appeals was adjudicating the rights of Lena Harrison, as next friend, as against the plaintiff in error, and it did so. Those rights have been satisfied, and a different situation involving different issues, and different parties, has arisen, growing out of facts of which the Court of Civil Appeals was ignorant and with which the Court of Civil Appeals had no concern. In the case of American Indemnity Company v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 910, 37 A. L. R. 633, Chief Justice Cureton had under consideration a case very similar in its facts to the extent of the contents of the policy, which the Southern Casualty Company executed in favor of the plaintiff in error, and the question in that case was whether or not the insurance company could be compelled to discharge its obligation to successfully defend the insured against certain demands wherein the records show that it had failed to do so, and wherein the record showed that the insured had not satisfied the judgment which had been rendered against it. The Supreme Court held in that case that the American Indemnity Company, occupying substantially the same position as the Southern Casualty Company occupies in this case, could be compelled to pay off said judgment, and it was declared that

the American Indemnity Company to all intents and purposes was a party to the original suit and was bound by its terms. It also was said in that case (referring to the American Indemnity Company): "It had a right to make the defense, control the proceedings, examine and cross-examine the witnesses, and though not technically a party, it was so connected with the litigation by its interest in the result and by its active participation that it is bound by the judgment." In support of the text in the opinion, Chief Justice Cureton quotes from 15 R. C. L., par. 481, 483, the following:

"The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as, for example, those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs and do such other things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided, therein."

He also cites 4 Joyce on Insurance (2d Ed.) par. 2800, pp. 4812 and 4813.

Should we assume that the Southern Casualty Company was solvent, with the record otherwise as it is, except the fact that the Southern Casualty Company executed the supersedeas bond as surety, being permitted to do so by its charter, and the latter had paid off the judgment rendered against the plaintiff in error and then had secured the issuance of an execution against the latter, and had threatened to seize some of the property belonging to it, whereupon the latter had instituted injunction proceedings against the Southern Casualty Company, which had then filed a motion to dissolve the injunction, we would have substantially the same situation as is presented against the defendant in error by this record. Under such a situation is it not reasonable to suppose that the courts, in the language of the authorities above quoted, would "look beyond nominal parties and treat all those whose interests are involved in the litigation, and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as, for example, those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs or do such other things as are generally done by the parties." The allegations in the petition supported by testimony, which the trial court held to be true, though immaterial, demonstrate the fact to be that the defendant in error was placed in the same relation to the plaintiff in error as was the Southern Casualty Company, in that it became surety in a transaction wherein the

Southern Casualty Company was the real principal. The facts alleged and established in this case are very similar to those in the case of Bell v. Greenwood, 229 App. Div. 550, 242 N. Y. S. 149, 153, wherein the court had under consideration the rights of the surety signing at the instance of the casualty company as against the assured in a liability policy, in which case, a contention was made that the casualty company was the agent of the assured, in which the court reached the same conclusion as we have reached in this case. In another case, City Trust, Safe Deposit & Surety Company v. Haaslocher, 101 App. Div. 415, 420, 91 N. Y. S. 1022, wherein the facts are similar to those in this case, the same conclusion was reached by the court that we have reached.

■ It is true that upon a trial of the case, upon the merits, this merely being an injunction proceeding, it may demonstrate the contention of the plaintiff in error is groundless, but for the purposes of this case we must assume the allegations in the petition for injunction to be true, in view of the fact that the trial court so declared.

■■ The Court of Civil Appeals, in rendering a judgment against a party as surety on a supersedeas bond, does not adjudicate that such party, whose name appears on a supersedeas bond is in fact a surety or ever signed the bond. It merely declares the law applicable to a record, the truth of which is assumed, inasmuch as no such issue was, or could have been, presented in the trial court. In truth a supersedeas bond is always executed after a trial upon the merits, and is merely a means of transferring the litigation from one court to another. The machinery of the Court of Civil Appeals is not adapted to the presentation of the testimony in support of any contention of the parties. A record is made and filed in the Court of Civil Appeals and with a few exceptions, not here involved, that record remains intact, until the Court of Civil Appeals has passed upon the law applicable to its contents. In general, wherever there is an issue of fact arising in a litigation between parties, it is the policy of the law of this state to have that issue tried by a jury, organized in a trial court, and the decisions of such a jury are usually final.

The judgment of the Court of Civil Appeals in the case of Harrison v. Jagoe Construction Company was not an adjudication of matters of fact which could not have been involved in that suit, and over which the Court of Civil Appeals could not have had jurisdiction. The matters of fact upon which truth or falsity depends the rights of the plaintiff in error in this suit, have never been adjudicated in any tribunal having jurisdiction thereof. This is sufficient answer to the contention that this proceeding is an effort to nullify the

judgment of the Court of Civil Appeals in the case of Harrison v. Jagoe Construction Company.

According to the record in this case these facts appear: Defendant in error knew that the Southern Casualty Company was defending the Jagoe Construction Company under a policy of liability insurance; it knew that judgment had gone against the construction company; and perforce of its knowledge of the law, it knew that the Southern Casualty Company was bound on said judgment to the construction company to then and there pay it. It knew that the casualty company, under the policy, had no authority to bind the construction company, and was obligated, if an appeal be taken, to prosecute that appeal at its own cost and expense. It knew, when the casualty company applied to it for a supersedeas bond to obtain delay in the payment of the judgment, the situation confronting the casualty company and of its obligation to either pay or supersede. It knew that the casualty company applied for the bond on its own account, and not as agent for the construction company, it having made the casualty company's bonds under such circumstances over a period of years. It had notice when it executed the bond in Dallas that it was contemplated that the casualty company's attorneys would sign for the construction company, and that it was not considered of any consequence to the construction company, or any of the construction company's business, whether an appeal was taken or not. But, in addition to proof of these facts, it appears that the surety company executed the bond at the specific request of the casualty company, on its financial responsibility, upon its express agreement of indemnity, and upon its express promise to pay the premiums. The construction company had nothing to do with the signing; it was helpless and powerless in the matter.

■■ That the relation of principal and surety is always a matter of agreement between the parties, and not by mere operation of law, is recognized as a correct principle of law by text writers and court opinions almost universally. 1 Brandt on Suretyship (3d Ed.) par. 1. This contract of suretyship is collateral to the main contract, and parol evidence is admissible to prove the same, or upon the other hand to disprove what appeared to be the facts as made by the record in the original proceeding. The rights of the defendant in error, as surety in this case, depend upon whether the plaintiff in error made a contract with the defendant in error, by the terms of which the latter became a surety for the former in the Harrison Case. According to the allegations of the petition, and the testimony in support thereof, in this case no such contract, either express or implied, ever existed. Durham v. McDowell (Tex. Civ. App.) 265 S. W. 425; 50 C. J. 249, 255.

We therefore sustain the first assignment of error in this proceeding, and the record being in the condition in which it is, as above related, we are of the opinion that the judgment in the case of Lena Harrison, as next friend, v. Jagoe Construction Company is not res adjudicata of the matters in dispute between the parties in this case and the record shows that the district court erred in sustaining the motion of the defendant in error to dissolve the injunction, and that the Court of Civil Appeals erred in sustaining the action of the trial court in this respect.

We are further of the opinion that the district court of Hopkins county, having assumed jurisdiction of the subject-matter of this suit, it becomes unnecessary to decide whether the district court of Tarrant county had any jurisdiction to issue the writ of injunction. The fact that the district court of Hopkins county took cognizance of the case is tantamount to a declaration on the part of the district court of Hopkins county, that it would have issued the injunction which the judge of the district court of Tarrant county issued, had the matter been presented. Had the district court of Hopkins county refused to recognize the validity of the act of the judge of the district court of Tarrant county a different question might be presented.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and the cause remanded to the district court of Hopkins county for a trial of the case in due course, in harmony with the law as set forth in this opinion.

CURETON, Chief Justice.

Judgments of the Court of Civil Appeals and of the district court are reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.