## WILLIAM STILL ET AL. v. C. LOMBARDI.

### No. 1263.

1. **Res Adjudicata—Merger—Promissory Note.**—In an action by a corporation on a note secured by vendor's lien on land, judgment was rendered against the payee who had indorsed it, and who admitted his liability, but in favor of the maker and the subsequent purchaser of the land, on the ground that the corporation acquired the note by discounting it, contrary to the inhibition of the Constitution and laws, and therefore was not the owner. *Held,* that the judgment was not res adjudicata as to the liability of the makers, and the right to foreclose the vendor's lien in a subsequent action on the note by the indorser, who, after the first judgment, had paid the note and received it back from the corporation.

2. **Same—Right of Indorser.**—The fact that the indorser could by statute have pleaded over against his codefendants is immaterial, as his right to do so was a privilege, and not a duty.

3. **Same.**—In extinguishing a demand, a judgment has no greater effect than mere payment, and the indorser had the right, both before and after judgment, to pay the note and institute suit thereon against the other parties.

APPEAL from Wichita. Tried below before Hon. GEO. E. MILLER.

*Carrigan & Hughes* and *W. W. Flood,* for appellants.—1. When judgment is rendered on a note it thereby becomes extinguished, and is merged in the judgment and changed into a higher right, a matter of record, and no other judgment can be had thereon between the same parties. 2 Black on Judg., sec. 674; Freem. on Judg., secs. 215, 216; 1 Herm. on Estop., sec. 144.

2. The judgment of a court of competent jurisdiction on a cause of action tried on its merits is not only conclusive between parties thereto and their privies on all points directly involved and determined by it, but is final, not only as to all matters actually determined, but as to all other matters which the parties might have litigated in the same cause, and which they might have had decided. It bars any other recovery on the same cause of action between same parties. All matters therein that were or might have been decided are res adjudicata. Foster v. Wells, 4 Texas, 101; 1 Herm. on Estop., secs. 239, 240; 2 Black on Judg., secs. 505, 506; Freem. on Judg., sec. 249.

3. There is such privity between an indorsee and payee of a note, that when the former sues the maker and a verdict is rendered on the merits for the defendant, it constitutes a bar to another action by the payee. Wells' Res Adjudicata, sec. 140.

*Ashby S. James,* for appellee.—1. While a judgment recovered upon a promissory note may be a merger of a cause of action as between the parties plaintiff and defendant, the note is not so merged as to prevent an indorser from paying the judgment, receiving the note, and maintaining an action on it against the maker. Freem. on Judg., secs. 227, 229; 15 Am. and Eng. Encyc. of Law, 342.

2. In order that a former judgment may operate as an estoppel, it is essential that the issues in the second action, upon which the former judgment is brought to bear, was a material issue in the first action, necessarily determined by the judgment therein, and that the former judgment was upon the merits. The essential conditions under which the doctrine of res adjudicata become applicable are: (1) the identity of the thing determined; (2) the identity of the cause of demand; (3) the identity of the parties in the character in which they litigate. Freem. on Judg., secs. 158, 273, 274; 2 Black on Judg., secs. 673–693.

3. A suit may be maintained for the enforcement of a lien after judgment upon the note which is secured by the lien, at any time before the debt is barred by limitation. Kempner v. Comer, 73 Texas, 196; McAlpin v. Burnett, 19 Texas, 500; 2 Jones on Mort., sec. 936.

HEAD, ASSOCIATE JUSTICE.—On March 7, 1887, William Still executed to C. Lombardi a note for the sum of $542, payable to his order on or before March 7, 1891, with interest at the rate of 10 per cent per annum from date, and stipulating for the payment of 10 per cent as attorney's fees, in case of legal proceedings. This note, with others,

was given for the purchase money of the land described in the petition herein, and a vendor's lien to pay the same was expressly reserved.

This note was by the payee, C. Lombardi, indorsed in blank and delivered to the Houston Land and Trust Company; and said indorsee instituted suit thereon in the District Court of Wichita County at its April term, 1891, alleging in its petition, that it was a private corporation, organized, chartered, and doing business under and by virtue of the laws of the State of Texas. It averred the execution and indorsement of the note as above set forth; that it was given for part of the purchase money of the land herein described; that appellants Ward and Flood had purchased said land from appellant Still, and prayed judgment against said Still as maker and said Lombardi as indorser, and for the foreclosure of its vendor's lien against all of the parties.

To this petition Lombardi answered, admitting all the allegations therein contained. The other defendants therein, Still, Ward, and Flood, answered by general denial, and specially, that the said Houston Land and Trust Company was a private corporation chartered under the laws of this State, as alleged in its petition, and that it acquired said note by discounting the same and paying therefor much less than its face value, in violation of the Constitution and laws of this State prohibiting the creation of corporations for such purposes, and was therefore not the owner of the note, and had no right to maintain suit thereon.

Upon the trial of this case, the court made special findings of law and fact, setting forth the execution and indorsement of the note, and that it was given for the land, as alleged by the plaintiff therein, and that the defendants Ward and Flood had subsequently purchased said land from the maker of said note; also, that said Houston Land and Trust Company was incorporated as alleged by it, and had acquired said note by discounting the same, as alleged in defendants' answer; and concluded, therefore, that it had no right to maintain said suit.

Upon these conclusions, judgment was rendered in favor of the land and trust company against Lombardi for the principal, interest, and attorney's fee due upon the note, but as to the other defendants, adjudged that it take nothing by reason of its said suit, and a foreclosure of the lien was refused.

After the rendition of said judgment, Lombardi paid the same and received said note back from said land and trust company, and instituted this suit thereon against the maker, Still, and Ward and Flood as subsequent purchasers of the land, to recover of the maker the amount of principal, interest, and attorney's fees evidenced by the note, and to foreclose the vendor's lien against all the parties. To this petition all of the defendants answered, pleading the proceedings in the former suit, as herein before set forth, as res adjudicata of the matters herein involved.

The court below found in favor of the plaintiff Lombardi for the amount of the note and foreclosure of the lien, as prayed for by him,

and rendered judgment accordingly; from which this appeal is prosecuted.

*Opinion.*—We are of opinion that the judgment rendered in the case of the Houston Land and Trust Company v. William Still et al., as set forth in the conclusions of fact, is not a bar to the prosecution of this suit by Lombardi, the payee in the note.

It will be observed that the record in that case shows, that the court found affirmatively that Still gave the note to Lombardi for the purchase price of the land upon which the lien was sought to be foreclosed, and only gave judgment in favor of the appellants herein upon the ground that the plaintiff in that suit was not the owner thereof. Under such circumstances, we believe it can not be maintained that the judgment rendered upon that ground can operate as a bar to the prosecution of a suit by one who, at the time of its institution, is shown to be the owner, unless perhaps it be in a case where the sole title of such subsequent owner was derived from the defeated plaintiff after the rendition of the judgment relied upon.

In this case, Lombardi was the payee in the note, and had attempted to transfer it to the plaintiff in that suit. If that transfer was ineffectual, he still remained the owner. If it was a good indorsement, he had the right at any time to pay the note to the indorsee, with or without suit, and either before or after judgment, and take it up and institute suit thereon in his own name against those primarily liable for its payment.

Upon this subject, in 1 Freeman on Judgments, section 227, it is said: "The merger of the cause of action has no effect upon the liabilities of the coplaintiffs or the codefendants between each other. Those liabilities are not in issue in the case, and therefore are not affected by the final determination of the action. In extinguishing a demand, a judgment has no greater effect than mere payment. It leaves the liability of other parties to the defendant unaffected. A recovery upon a note against the maker and indorsers does not so merge the note as to prevent the indorsers from paying the judgment, receiving the note, and maintaining action on it against the maker." Also see 15 Am. and Eng. Encyc. of Law, 342.

If the indorser is not precluded from maintaining a suit against the maker of the note by reason of its previous merger into a judgment in favor of the indorsee, we think, a fortiori, he is not precluded by a judgment which expressly refuses to merge the note, upon the ground that the one bringing the suit is not the owner thereof.

Again, we believe it can not be successfully maintained that there has been an adjudication either of the question of ownership or liability, as between the parties to this record. It is true, they were all parties defendant to the suit instituted by the land and trust company, and in that suit, by reason of our statute, Lombardi might have been authorized to plead over against his codefendants; but this was

only a privilege and not a duty, and if he saw proper not to have the question of suretyship adjudicated in that proceeding, the relation of the parties, as between themselves, would not be changed by a joint and several judgment rendered against them.   Wren v. Peel, 64 Texas, 375.

In 1 Freeman on Judgments, section 158, it is said:   "Parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the original action. If A recovers judgment against B and C upon a contract, which judgment is paid by B, the liability of C to B in a subsequent action for contribution is still an open question, because as to it no issue was made or tried in the former suit.   As between the several defendants therein, a joint judgment establishes nothing but their joint liability to plaintiff.   Which of the defendants should pay the entire judgment, or what proportion each should pay, in case each is partly liable, is still unadjudicated."

The record in the case in which the former judgment was rendered leaves no doubt as to what was adjudicated therein; and we think that the issue determined—that is, the ownership of the plaintiff in that suit—will not preclude the indorser, who was therein adjudged in effect to have always been the owner, from recovering herein, although it may appear that he saw proper to repay the money he obtained for an ineffectual transfer.

We therefore conclude, that the judgment of the court below should be affirmed.

*Affirmed.*

Delivered June 20, 1894.

ON REHEARING.

HEAD, ASSOCIATE JUSTICE.—Appellants in their motion for rehearing strenuously deny that in the suit instituted by the Houston Land and Trust Company upon the note in controversy they questioned the ownership or title of the trust company thereto.   They also deny that the court below gave judgment against the trust company in that suit upon the ground that it did not own the note.

The answer of appellants in that suit was as follows:   "And for further answer herein, these defendants say that plaintiff ought not to have and maintain this suit against them, because they say that plaintiff, as is alleged by it, and which is here admitted, is a private corporation, organized and incorporated under the laws of the State of Texas; and it is further admitted that it did acquire for value, as is alleged, said note in the course of trade and before the maturity thereof, from the payee thereof, but these defendants charge that plaintiff acquired said note on the 31st day of July, 1890, from C. Lombardi, the payee thereof, by paying him therefor in cash at said time a sum much less than the principal of said note with its accrued interest at

maturity; that is to say, it paid the said Lombardi for said note on the date last aforesaid a sum very much less than the principal of said note and the interest to accrue thereon up to its maturity would aggregate, and that such act on the part of plaintiff is in contravention of law, and especially inhibited to it, and in no manner allowed to it under its charter; and of this these defendants put themselves upon the country."

This answer, in our former opinion, we construed as a denial of the power of said corporation, by reason of the facts alleged, to acquire the title to, or become the legal owner of, the note. Such we still think to be the proper construction to be placed upon the pleading.

The court below, in rendering judgment in that case, after finding the facts to be substantially as set forth in the foregoing answer, filed the following conclusions of law: "1. That the plaintiff can not do any banking or discount business. 2. That the sale of the note herein sued on to the plaintiff by C. Lombardi was a 'discount' within the meaning of the law, and ultra vires. 3. I therefore conclude that the plaintiff can not maintain this action, and that the defendants should have judgment."

From these findings we understand the court below to have concluded that it was beyond the power of the corporation plaintiff therein to acquire the ownership of the note from Lombardi by discounting it as aforesaid, and therefore gave judgment against it in favor of those pleading this want of title.

We still adhere to our former opinion, in holding that if Lombardi saw proper to repay the money to this corporation and reclaim the note for which it was given, whether before or after judgment against him, he had the right to do so, and maintain suit thereon against those primarily liable for its payment.

We have, in view of the motion for rehearing, deemed it proper to say this much in explanation of what is said in our former opinion as to the former adjudication having been based upon the lack of ownership on the part of the Houston Land and Trust Company of the note in question.

The motion for rehearing will be overruled.

*Motion overruled.*