## UNITED STATES FIDELITY & GUARANTY CO. v. CENTURY INDEMNITY CO.

### No. 3104.

Court of Civil Appeals of Texas. El Paso.

Jan. 10, 1935.

Rehearing Denied Jan. 31, 1935.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Robertson, Robertson & Payne, of Dallas, for appellee.

HIGGINS, Justice.

J. C. Fulkerson, an employee of the Dallas Transportation Company, recovered a judgment in the district court of Tarrant county for the sum of $5,618.49 against Southern Casualty Company and the Century Indemnity Company, jointly and severally. The suit was under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). The two companies last mentioned were the

insurance carriers of the Dallas Transportation Company. Both of said companies appealed. The litigation finally terminated in the Supreme Court where judgment was rendered affirming the judgment of the district court. Southern C. Co. v. Fulkerson, 45 S.W. (2d) 152. The Supreme Court also rendered judgment against Indemnity Insurance Company of North America, the surety upon the supersedeas appeal bond of the Century Indemnity Company, and against the United States Fidelity & Guaranty Company, the surety upon the supersedeas appeal bond of the Southern Casualty Company. The mandate of the Supreme Court issued, and thereafter an execution for enforcement of the judgment issued and was delivered to the sheriff directed against the Century Indemnity Company, the Southern Casualty Company, and their sureties aforesaid. Under compulsion of this writ, the Century Indemnity Company April 15, 1932, paid the judgment, together with the interest accrued thereon. Fulkerson having died previously, the administratrix of his estate assigned said judgment to the Century Indemnity Company. The Southern Casualty Company is a foreign corporation, and on January 8, 1932, became, and has remained, notoriously insolvent, has had no permit to do business in the state of Texas since the year 1931, and has no assets in the state. On May 20, 1932, the Century Indemnity Company brought this suit for contribution against the United States Fidelity & Guaranty Company to recover one-half of the amount paid by it in settlement of the judgment mentioned under the compulsory process, as stated. Upon trial without a jury. plaintiff recovered as sought. Separate findings and conclusions were not filed by the court below.

█ Appellant concedes it is liable if any right of contribution exists against the Southern Casualty Company. It makes no point in that connection, recognizing that as surety upon the supersedeas bond of the Southern Casualty Company and the judgment of the Supreme Court it became jointly and severally bound with appellee to pay the Fulkerson judgment. Nor does appellant question the general rule that one who, under compulsion, has paid more than his just share of a common obligation of himself and others is entitled to contribution from such other obligors.

█ The right of contribution is of equitable origin and is governed by equitable considerations. Simkins on Equity, 374; 10 Tex. Jur. 539; 13 C. J. 821; 2 Elliott on Contracts, § 1393; Maresh v. Jennings (Tex. Civ. App.) 38 S.W.(2d) 406; Glasscock v. Hamilton, 62 Tex. 143.

It will not be awarded unless the party seeking such relief is equitably entitled thereto. Scott v. McGriff, 222 Ala. 344, 132 So. 177: National Surety Co. v. Franklin Trust, 313 Pa. 501, 170 A. 683; Lampton v. Staebler, 252 Ky. 405, 67 S.W.(2d) 473; Milner v. Eskridge, 62 Colo. 430, 163 P. 1115; In re Koch's Estate, 148 Wis. 548, 134 N. W. 663; Taylor v. Joiner, 180 Ark. 869, 24 S.W.(2d) 326.

Appellant invokes this doctrine. Fulkerson was an employee of the Dallas Transportation Company, a partnership composed of C. A. and John Vilbig. The company had a contract with Dave O'Keefe to do the excavation work for the Blackstone Hotel at Fifth and Main streets, in Fort Worth, in course of construction by O'Keefe. While engaged in such work, Fulkerson was injured May 24, 1928, and, as stated, recovered judgment for compensation. The Southern Casualty Company was the general insurance carrier of the Dallas Transportation Company, protecting its employees upon various jobs in Texas. O'Keefe was not satisfied as to the financial responsibility of the casualty company, and, before awarding the contract for said excavation work to the Dallas Transportation Company, O'Keefe insisted said company take out insurance with another carrier to cover the employees engaged in the excavation work on the Blackstone Hotel job. The transportation company procured such insurance with the appellee and the insurance contract was in effect on the date Fulkerson was injured. It was contemplated and understood by O'Keefe, Dallas Transportation Company, and the authorized agents of the appellee who wrote the policy covering the employees of the hotel job that appellee would be the sole insurance carrier responsible for the protection of such employees; that the pay roll reports, which fixes the amount of premiums to be paid, would be submitted to appellee and such premiums paid to it; all accident reports were to be made to appellee; appellee would investigate and handle such claims and pay such as were properly payable. It was contemplated the transportation company would notify the casualty company of such arrangement and the contract of that company be amended so as to relieve it of responsibility for the employees on the hotel job.

We have examined with care the entire evidence upon this phase of the case and regard

same as conclusively and without contradiction establishing the facts stated. The agreement is shown by the testimony of O'Keefe, C. A. Vilbig, J. L. Parker of the firm of Furman, Lawrence & Parker, who, as agents, wrote appellee's policy, J. E. Curtis, branch office manager in Texas for appellee, and letter dated July 24, 1928, from Furman, Lawrence & Parker to the Dallas Transportation Company.

It appears, however, that C. A. Vilbig, who acted for the transportation company in the matter, neglected to advise Fred Stewart of what had been done. Stewart was the bookkeeper of the transportation company, and in consequence of Vilbig's neglect the casualty company remained unadvised in the premises and Stewart continued to make reports to the casualty company. In this connection we quote the letter of July 24, 1928, above mentioned:

"Dallas Transportation Company, 817 Bourbon Street, Dallas, Texas.

"Attention Mr. Fred Stewart.

"Gentlemen: We have your letter of July 23rd regarding the public liability and workmens compensation insurance on the O'Keefe job in this city, and in reply have to advise that the company which carries your compensation and public liability was not acceptable to Mr. O'Keefe and Mr. Vilbig requested the writer, in the presence of Mr. Dave O'Keefe and Mr. J. E. Curtis, State Agent of The Century Indemnity Company, to take care of this job for him and that he would see that payrolls covering this particular job were not reported to your regular company. You are probably aware of the fact that contractors frequently take out public liability and compensation insurance to cover one particular job and in such cases the payroll covering that job is not reported to their regular company.

"Our policies were written to cover on the job at Fifth and Main streets, Fort Worth, Tarrant County, Texas, and if your other company has paid any claims on this job we will simply have to reimburse them and will thank you to let us have reports of all accidents that have occurred.

"If you will discuss this matter with Mr. Vilbig we are sure that he will recall this transaction and agreement we had in Mr. O'Keefe's office.

"Yours truly,
"Furman, Lawrence & Parker,
"[Signed] By J. Loyd Parker."
"JLP:B"

In view of the facts and agreement stated, we think it was the duty of appellee to protect the casualty company from being compelled to pay any part of the Fulkerson claim. When appellee was compelled to pay the Fulkerson judgment, it simply did what it was its duty to do under the agreement it had made. It cannot be justly asserted that appellee has paid more than it should in good conscience have paid in settlement of the Fulkerson judgment. It would be inequitable for it to now assert any right of contribution against the casualty company and for such reason such right should be denied. See authorities cited above. The appellant can assert any defense to appellee's claim that its principal, the casualty company, could have asserted.

In consequence of Vilbig's neglect, the proper action was not taken by the transportation company, or the casualty company to remove the transportation company's employees working upon the hotel job from the protection of the policy which the casualty company had written as the general insurance carrier of the transportation company. But the casualty company was wholly blameless in that matter. All of the equities arising out of Vilbig's neglect are in favor of the casualty company. In consequence of such neglect, the casualty company remained as a coinsurance carrier of Fulkerson, when it should have been relieved and liability imposed solely upon appellee.

The Fulkerson judgment is not res judicata upon the issues presented by this suit. That judgment established the joint liability to Fulkerson of the casualty company and appellee as coinsurers. The issue here is as to the right of contribution between the coinsurers. This issue was not involved nor adjudicated in Fulkerson's suit and the judgment therein, for such reason, is not res judicata of such issue. Moore v. Moore (Tex. Civ. App.) 52 S. W. 565; Hoxie v. F. & M. Bank, 20 Tex. Civ. App. 462, 49 S. W. 637; Still v. Lombardi, 8 Tex. Civ. App. 315, 27 S. W. 845; I. & G. N. R. Co. v. Concrete Inv. Co. (Tex. Civ. App.) 201 S. W. 718; Id. (Tex. Com. App.) 263 S. W. 265; Kerr v. Blair (Tex. Civ. App.) 118 S. W. 791; James v. James, 81 Tex. 373, 16 S. W. 1087; Jagoe Const. Co. v. U. S. F. & G. Co. (Tex Com. App.) 58 S.W.(2d) 503.

Nor do we regard the assertion by the casualty company in the Fulkerson suit that it and appellee were coinsurers and both liable to Fulkerson as such an inconsistency as

will estop appellant from here denying the right of contribution asserted.

The case has been fully developed. Under the undisputed facts shown by the record, we are of the opinion the right of contribution asserted by appellee is inequitable and should be denied, wherefore, the judgment is reversed and here rendered in favor of appellant.

Reversed and rendered.