FOURNET, Justice.
 

 In granting the writ of certiorari in this case we restricted the same to a review of the ruling of the Court of Appeal for the First Circuit maintaining the motion filed by the defendant Hardware Indemnity Insurance Company of Minnesota, one of the two insurers of the main defendant, for the dismissal as to it of the -appeal taken by the main defendant and the other insurer from the judgment rendered against them in solido in the district court in a tort action and relieving the Hardware insurance company of liability.
 

 Mr. and Mrs. Kinney E. Reid, in instituting suit to recover for -an injury sustained by Mrs. Reid, — and the damages-resulting therefrom to Mr. Reid — while-she was shopping in the grocery and meat market owned and -operated by the defendant Frank Monticello, availed themselves-of the provisions of Act 55 of 1930 and joined as a party defendant Monticello’s-liability insurer, the Car & General Insurance Corporation, Ltd. Some seven months after the suit was filed and nearly a year after the accident, also after certain preliminary exceptions filed in limine -had been disposed -of, the plaintiffs, learning that Monticello was also insured by the Hardware Indemnity Insurance Company of Minnesota, joined this insurer as a party defendant in an amended and supplemental petition. Monticello and the Car insurance company filed -a joint answer in which they denied negligence on the part of Monticello or any of his employees, and, in the alternative, pleaded the negligence of the injured plaintiff,. The Hardware insurance -company, answering separately, pleaded, in addition to-this same defense, that there was no coverage or liability under the policy it had. issued to Monticello, for the reason that it had not been timely notified of the accident and the institution of these proceedings as required under its terms.
 

 After a trial on the merits, the trial judge rendered judgment in favor of Mr. and Mrs. Reid and against Monticello and
 
 *447
 
 the Car & General Insurance Company, in solido, with no mention of the disposition of the suit as against the Hardware insurance company although in his written reasons for judgment the trial judge stated this company should be released under the special defense of failure to .give timely notice. The court, however, at the request of counsel for Hardware insurance company, rendered a judgment termed a supplemental judgment in which he dismissed and rejected the demands of the plaintiffs against this company, declaring it to be free from any liability on account of these claims. Monticello and the Car insurance company not only appealed from the judgment in favor of the Reids, complaining in their petition for appeal of the failure to hold the other insurer jointly liable, but also appealed from the so-called supplemental judgment relieving the Hardware company of all liability. In the Court of Appeal for the First Circuit the plaintiffs, answering this appeal, asked for an increase in the awards made and the Hardware insurance company moved for the dismissal of the appeal taken from'the judgment in its favor on the ground that the judgment of the trial court rejected the claims of the Reids against it and the plaintiffs had not appealed from such judgment.
 

 Counsel for the applicants argue in this court that having appealed from the judgment rendered against them and also from the judgment relieving the Hardware insurance company of the liability, Monticello is entitled to have the right of the trial judge to relieve one of his liability insurers reviewed on direct appeal as a matter of right; in any event, that they are entitled to an appeal as a third party aggrieved by the judgment under the provisions of Article 571 of the Code of Practice.
 

 The Court of Appeal, in disposing of the first argument, concluded: “True it is that in their motion for appeal, Monticello and Car & General Insurance Company complain of the judgment on both grounds, namely that it decrees liability against them and that it also relieved their co-defendant of liability, yet this court is without power to entertain their complaint as to their co-defendant because as between them and their co-defendant, no issue w;as contested or controverted nor was any issue between them adjudicated by the judgment appealed from.” 33 So. 2d 760, 762.
 

 The sole object of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the correction of a judgment of an inferior court, (Article 564 of the Code of Practice) and such right is extended not only to the parties to the suit in which the judgment is rendered, but also to a third party when such third party is allegedly aggrieved by the judgment. Article 571.
 

 We do not think it could be successfully argued that Monticello would not have
 
 *449
 
 had a right to appeal under Article 571 if the plaintiffs in availing themselves of the provisions of Act 55 of 1930 had proceeded against the Hardware Indemnity Insurance Company direct without joining Monticello and the district judge had dismissed the suit under the same special defense set up by the company in this case, for to all intents and purposes such a judgment would foreclose Monticello’s right to be indemnified by this insurer in the event the plaintiffs were to pursue their action against him directly and recover judgment, and he would of necessity be a third party aggrieved by the judgment. It would seem, therefore, a highly technical and strained process of reasoning for us to conclude that because Monticello was made a party defendant in this suit with his insurer he should be precluded from appealing under Article 571, or to conclude that quoad this particular insurer there were no issues to be determined when as a matter of fact the insurer was relieved of all liability under the policy issued him by the company under the lower court’s judgment. In fact, the issue of non-coverage because of failure to give timely and proper notice of the accident and institution of this suit to the company was tendered by the company and, in our opinion, the judgment rendered relieving it of liability was just as effective and binding on the defendant Monticello as though he had been sued direct and had been cast in judgment and this issue had been thus concluded in an action in which Monticello subsequently sought indemnification against this insurer.
 

 While we accept as true the argument of counsel for the Hardware insurance company in this court that under the jurisprudence judgments will not ordinarily be amended or reversed on appeal as between co-appellees and that the .generally accepted rule is that where a solidary judgment is sought against two defendants as joint tort feasors, a judgment relieving one of liability cannot be questioned on appeal taken by the defendant cast in the judgment, the reasons therefor being that each defendant is liable for the whole damage and the injured party may sue cither or both
 
 and neither has any right as against the other,
 
 a study and analysis of the authorities that are the basis of this jurisprudence will show that they are neither apposite nor controlling here. The holding in the instant case in the Court of Appeal, and the holding of the Court of Appeal for the Parish of Orleans in the case of Jones v. Illinois Cent. R. Co. et al., 35 So.2d 33, that are directly in point, we do not choose to follow, for, as hereinabove demonstrated, the reasoning on which they are based is not sound or in accordance with law.
 

 For the reasons assigned, the ruling of the Court of Appeal for the First Circuit maintaining the Hardware Indemnity Insurance Company’s motion to dismiss plaintiffs’ appeal as to it is o’verruled, and the
 
 *451
 
 case is ordered remanded to the Court of Appeal for the First Circuit for a review of the lower court’s judgment dismissing the suit as to this company. All costs incurred in this court in -connection with this writ are to be paid by the Hardware Indemnity Insurance Company.
 

 O’NIELL, C. J., takes- no part.