**ROGERS v. HARTFORD ACCIDENT & INDEMNITY CO. et al.**

**Civ. A. No. 2993.**

United States District Court
W. D. Louisiana, Shreveport Division.

Dec. 18, 1950.

Garrett & Pleasant, Shreveport, La., for plaintiff.

Jackson, Mayer & Kennedy, Shreveport, La., for Hartford & General Gas.

Cook, Clark & Egan, Shreveport, La., for Barnsdall (now Sunray).

John M. Madison, Shreveport, La., for Pacific.

DAWKINS, District Judge.

Plaintiff sued General Gas Corporation (called General Gas) and its insurer, Hartford Accident & Indemnity Company (called Hartford) for damages, individually and for his minor daughter, alleged to have resulted from the death of the wife and mother who was killed by the explosion of butane gas in a cook stove used in a house trailer. The negligence charged was the failure to put into the gas an odorant which would enable the user to detect its presence when, for any reason, it escaped from the container in the premises where used.

By an amended complaint, plaintiff made Barnsdall Oil Company (called Barnsdall) and its insurer, Pacific Indemnity Company (called Pacific), additional defendants, alleging that the gas purchased by him from General Gas was manufactured at a plant in Bossier City, Louisiana, and sold by the said Barnsdall, into which it negligently failed to put an odorant. Further, that

the statutory law in Louisiana, as well as the custom in the trade, requires the manufacturer and seller of such gas to the consumer to place therein a substance which permits ready detection when escaping. Judgment in solido was sought against all four defendants.

The defendants General Gas and Hartford have filed an answer and cross-bill, alleging that General Gas had purchased the said butane gas from Barnsdall, "who sold and delivered" it to General Gas and "certified that it contained the required amount of malodorant." The cross-bill further alleged that the "accepted and customary practice in the trade is for the distributors and vendors of butane gas to purchase their supply as odorized gas from a reputable and recognized manufacturer and that the manufacturer odorizes said gas in connection with its manufacture and preparation" for the consumer and that "said gas is purchased by the distributor from the manufacturer as a properly odorized gas, ready for distribution to the ultimate consumer"; that General Gas purchased all of its butane gas from Barnsdall, who delivered it to containers in Bossier City for delivery in turn to consumers in its then condition and without further treatment to the full knowledge of Barnsdall, upon whose certificate of proper malodorization, cross-complainant is entitled to and did rely, as was the custom in the trade. Accordingly, cross-complainants prayed that in event of plaintiff's recovery against them, they have judgment over against Barnsdall and Pacific for the full amount thereof.

A motion substituting Sunray Oil Corporation (called Sunray), a Delaware corporation, as party defendant in place of Barnsdall, as successor to the latter, was filed and agreed to by all parties.

Cross defendant, Pacific, filed a motion for summary judgment, rejecting plaintiff's demand, for the reason that the complaint did not state facts entitling him to relief, and further as to Pacific, for the reason that its policy covered "only liquefied petroleum gases shipped in tank cars"; that the gas in question involved in this suit was shipped not in tank cars, but by truck by Barnsdall from its plant located in Bossier City. A certified copy of the policy was attached to and made part of the motions to dismiss and for summary judgment. In the same pleading, Pacific made a request for "admissions of fact under Rule 36" of the Federal Rules of Civil Procedure, 28 U.S.C.A. as follows:

"(a) That the butane gas in question which plaintiffs claim caused the accident and injuries complained of was a liquefied petroleum gas;

"(b) That said liquefied petroleum gas or butane was not shipped in tank cars to General Gas Corporation."

Sunray, at the same time, filed also a motion to dismiss the cross-bill because it "fails to state a claim against appearer upon which relief can be granted." It also filed another motion, alleging, in the alternative, that it was entitled to summary judgment as a matter of law. In response to the request for admissions, General Gas and Hartford averred that they were unable to "either categorically admit or deny" the facts stated in the request, but that "such liquefied petroleum gas as was obtained by appearers from" Barnsdall "was delivered by said company into tanks situated upon trucks owned and operated by General Gas Corporation."

The original plaintiff admitted the facts stated in Pacific's request (a), but alleged that he had "no knowledge whatsoever as to the method of shipment of said gas by Sunray" to General Gas "and therefore is not in a position to admit" that it was not done in tank cars.

■ In this state of the pleading, without deeming it necessary to enter into an extended discussion of the contentions of the parties, it is believed to be a proper course to refer all of these matters to the merits of the case to be determined on the final trial.

■ On the other hand, as to the cross-complaint by General Gas and Hartford against Sunray and Pacific for judgment over, the court is of the opinion that, under the jurisprudence of Louisiana, which controls, no such cause of action exists or will arise unless and until there

is a solidary judgment against all the defendants sued by complainant in favor of the latter. In that event, whichever pays would have a right of action against others for recovery of such amounts as the circumstances required. See Quatray **v.** Wicker, 178 La. 289, 151 So. 208; Reid **v.** Monticello, 215 La. 444, 40 So.2d 814; and Linkenhoger **v.** Owens, 5 Cir., 181 F.2d 97.

The motions to dismiss and for summary judgment will be denied other than as to the one made in the cross-complaint as between the original defendants, which will be sustained.