**J. M. GAMMAGE, Appellant,**

v.

**Abe WEINBERG, Appellee.**

**No. 13894.**

Court of Civil Appeals of Texas.

Houston.

Feb. 15, 1962.

Rehearing Denied March 15, 1962.

Second Motion for Rehearing Denied
April 5, 1962.

Joe D. Jarrard, Jr., Pasadena, for appellant.

C. B. Stanley, Houston, for appellee.

WERLEIN, Justice.

This is an appeal by J. M. Gammage from a judgment in favor of Abe Weinberg, in the sum of $11,110.00 as indemnity representing part of the amount paid by him on a final judgment recovered against both parties in solido in a suit brought by one Allstock in the United States District Court, Western District of Louisiana, for damages resulting from personal injuries sustained in a collision in the State of Louisiana.

It is appellant's contention that the findings of fact by the trial court in the instant case are repugnant to the issues of fact upon which the Louisiana judgment was based, and that the court erred in concluding (1) that appellee was not liable to the Louisiana tort claimant since the Louisiana judgment is against both appellant and appellee in solido, and (2) that the Louisiana judgment is not res judicata as to appellee's claim and does not estop appellee from claiming indemnity.

Appellee pleaded in substance that the plaintiff in the Louisiana case recovered a judgment for $18,900.00, said judgment being against American Employer's Insurance Company, Huey P. Tyler, J. M. Gammage and Abe Weinberg, in solido, in the sum of $5,000.00; against Huey P. Tyler, J. M. Gammage and Abe Weinberg in solido in the sum of $2780.00; and against Abe Weinberg and J. M. Gammage in solido in the sum of $11,120.00. He also alleged that "Said final judgment of the Court was based upon the finding by the jury that said Huey P. Tyler [the truck driver], at the time of said collision, was acting as the servant and employee in the course of such employment for the said J. M. Gammage and the said Abe Weinberg."

Appellee further pleaded that the judgment in the Louisiana case resulted from the acts of negligence of Tyler who was acting in the course and scope of his employment for Gammage and was not acting as the agent, servant or employee of Weinberg; that as a favor and accommodation to appellant, appellee had permitted appellant to transfer to appellee the record title to the truck-tractor, but in fact appellant was the owner and operator thereof, and appellee had no interest whatever therein; that $5,000.00 on the judgment had been paid by American Employer's Insurance Company, and that appellee in order to obtain a release from such judgment had paid $12,500.00, and appellant had paid $1,000.00 to obtain a release; that appellee was required to pay attorney's fees and costs in the Louisiana suit in the sum of $5,000.00; and that appellee was entitled to indemnity in the amounts paid by him, and, in the alternative, to contribution.

The trial court found that Tyler was the employee of appellant and not of appellee, and was not engaged in any mission or duties in behalf of appellee; that appellant was the owner of the truck and trailer al-

though the certificate of title and registration indicated appellee was the owner thereof; that prior to the collision appellee had executed to appellant powers of attorney authorizing appellant to sign appellee's name to all title papers necessary to transfer said truck and trailer to appellant; that appellant had the pipe transported on said truck weighed on public scales and directed that the weight ticket indicate that the pipe was consigned or sold to appellee, but appellee had not authorized such action and had no knowledge thereof and had no interest in or ownership of the pipe being transported; that no cross-action or counter-claim or prayer for affirmative relief as between appellant and appellee was filed by any of the defendants in the Louisiana case, either for contribution or indemnity; that appellee paid $12,500.00 for a release of the judgment as against him, and that appellant paid plaintiff $1,000.00 to obtain his release; that as between appellant and appellee, appellee was not in any manner liable to Allstock or responsible for any negligence resulting in said collision.

The court concluded that liability adjudged against appellant and appellee in solido was the sole liability of appellant and that appellee was entitled to recovery in the sum of $11,110.00 indemnity, representing $12,500.00 paid by appellee, less one-half of the amount of $2,780.00 adjudged against appellant, appellee and Tyler in solido; that appellee was not entitled to recover any attorney's fees, although the court had found that appellee had paid his attorneys $6500.00 and such amount was reasonable and necessary in connection with the trial in Louisiana; that as between appellant and appellee there had been no adjudication of their rights and liabilities inter se made in the cause against them in the United States District Court of Louisiana, and that such judgment as between appellant and appellee was not res judicata as to the present cause of action and that appellee was not estopped by such Louisiana judgment to bring this suit and recover indemnity.

■ The question as to whether appellee is entitled to indemnity under the pleadings and the court's findings in the instant case must be determined under the law of the State of Louisiana since the right to contribution or indemnity is a substantive right governed by the law of the state where the collision and injury occur, and the right, if any, to contribution or indemnity arises as an incident to the tortious transaction and the relation thus brought about between the parties. Charnock v. Taylor, 1943, 223 N.C. 360, 26 S.E.2d 911, 148 A.L.R. 1126; Linkenhoger v. Owens, 5th Cir.1950, 181 F.2d 97; 11 A.L.R.2d 236. The substantive law of Louisiana was applied by Texas courts in Grandstaff v. Mercer, Tex.Civ.App., 214 S.W.2d 133, writ ref., n. r. e.; and in Jones v. Louisiana Western Ry. Co., Tex.Com.App.1922, 243 S.W. 976, in causes of action for personal injuries and death but not involving indemnity or contribution.

In his brief appellant concedes that a claim for contribution would not be barred by the Louisiana judgment. He also concedes that a claim for indemnity would not be barred if it were on some accepted basis such as a breach of duty by appellant to appellee causing the injury, or if the parties were not in pari delicto, or if the action had been brought by appellee as principal against appellant as an agent whose negligence caused the injury. He strenuously contends, however, that since the Louisiana judgment is against both appellant and appellee in solido, as employers of Tyler, it establishes that they are equally liable and neither is entitled to indemnity.

■ The pleadings and judgment in the Louisiana case are not included in the transcript and no statement of facts has been filed in this Court. The law is well settled that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment. Commercial Credit Corporation v. Smith, 1945, 143 Tex. 612, 187 S. W.2d 363, and authorities cited.

■ We are of the opinion that appellee is entitled to recover indemnity from appellant, if, assuming the facts to be as found by the trial court as hereinabove recited, he would be entitled to indemnity under the laws of Louisiana, provided the judgment in the United States District Court of Louisiana is not res judicata as to appellee's claim and does not estop him from asserting it. The decisions of the courts in Louisiana indicate that indemnity may be recovered by a tort-feasor in certain cases under the laws of Louisiana, as for example when a tort-feasor has not been negligent or at fault and his liability is merely technical or constructive, whereas the liability of his codefendant in solido is based upon his wrongful or negligent acts or omissions. It has been held that when a non-negligent party has been made liable in solido with another for the negligent acts of the other because of some legal or contractual relationship with such other party, he may force the one primarily at fault to reimburse him for damages paid to a third person on account of the fault or negligence of the other. American Employers' Ins. Co. v. Gulf States Utilities Co., La.App.1941, 4 So.2d 628, and authorities cited; Sutton v. Champagne, 1917, 141 La. 469, 75 So. 209; Appalachian Corporation v. Brooklyn Cooperage Co., 1922, 151 La. 41, 91 So. 539; Succession of Caldwell, 1853, 8 La.Ann. 42; Fitzgerald v. Ferguson, 1856, 11 La.Ann. 396; South Arkansas Lumber Co. v. Tremont Lumber Co., 146 La. 61, 83 So. 378; 42 C.J.S. Indemnity § 20, p. 597, Indemnity, § 21; 27 Amer.Jur., p. 465, § 16.

The right to recover indemnity is also recognized in Texas where one tort-feasor breaches a duty which he owes to another. Wheeler v. Glazer, 1941, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301; Austin Road Co. v. Pope, 1949, 147 Tex. 430, 216 S.W. 563; Humble Oil & Refining Co. v. Martin, 1949, 148 Tex. 175, 222 S.W.2d 995; Panhandle Gravel Co. v. Wilson, Tex.Civ.App., 248 S.W.2d 779, writ ref., n. r. e.; 42 C.J.S. Indemnity § 20, p. 594.

■ Appellee pleaded that the Louisiana judgment was based upon the finding by the jury in the tort action that Tyler at the time of collision was acting as the servant and employee in the course of his employment for both appellant and appellee. We must accept this statement as a judicial admission by appellee. The trial court in the instant case found that Tyler was not the employee of appellee and was not acting for or in behalf of appellee, but the court did not find that the Louisiana judgment was not based upon the finding by the jury in the tort action that Tyler was the employee of appellee and was acting for him within the course of his employment. Hence we are confronted with the question as to whether the Louisiana judgment, to which full faith and credit must be given, is res judicata of appellee's claim against appellant for indemnity.

The weight of authority in the United States and the decisions of the Louisiana courts are to the effect that the Louisiana judgment is not res judicata as to appellee's claim for indemnity and that appellee is not estopped to assert such claim, since appellee's claim to indemnity and in the alternative to contribution, was not raised by the pleadings in the Louisiana case nor determined by the court in such case. In American Employers' Ins. Co. v. Gulf States Utilities Co., supra, it was argued that the question of whose fault or negligence caused the injuries was foreclosed by the judgment in the prior personal injury suit which was against both parties in solido. The court held to the contrary, stating: "Indeed, as between the Dalton Company and the Utilities Company, the issue was not raised and the question was not adjudicated as to the respective rights of these two companies between themselves." To similar effect see Appalachian Corporation v. Brooklyn Cooperage Co., supra; Smith Bros. & Co. v. New Orleans & N. E. R. Co., 1903, 109 La. 782, 33 So. 769.

■ The general rule of law well established in the State of Louisiana is that

there is no right of contribution between joint tort-feasors unless and until they have been condemned in a judgment in solido and then only in favor of the joint tort-feasor who has paid the damages awarded. Kahn v. Urania Lumber Company, 1958, La.App., 103 So.2d 476, and authorities cited; Perot v. U. S. Casualty Co., La.App., 98 So.2d 584. The decisions in both the Perot and Kahn cases were rendered after the 1954 statutory Procedural Act (Act No. 433 of 1954) was enacted in Louisiana providing for third party practice. In the Perot case, the court held: "There is no absolute requirement that the right to contribution as between joint tort feasors must be determined in the original action." Indeed, the Louisiana decisions indicate that the right to contribution or indemnity may not be determined in the original action.

In Rogers v. Hartford Accident & Indemnity Co., 1950, D.C., 94 F.Supp. 499, the plaintiff sued two defendants and their insurers in tort. One of the defendants filed a cross-action against its co-defendant for indemnity, which was dismissed on motion, the court stating:

"On the other hand, as to the cross-complaint by General Gas and Hartford against Sunray and Pacific for judgment over, the court is of the opinion that, under the jurisprudence of Louisiana which controls, no such cause of action exists or will arise unless and until there is a solidary judgment against all the defendants sued by complainant in favor of the latter. In that event, whichever pays would have a right of action against others for recovery of such amounts as the circumstances required. See Quatray v. Wicker, 178 La. 289, 151 So. 208; Reid v. Monticello, 215 La. 444, 40 So.2d 814; and Linkenhoger v. Owens, 5 Cir., 181 F.2d 97."

In Buhler v. Villec, La.App.1960, 117 So.2d 286, a pedestrian recovered judgment in solido against a truck driver and an automobile driver for personal injuries received in a collision between the two vehicles. In a later action the automobile driver sued the truck driver and recovered damages to his automobile, the trial court holding the defendant's plea of res judicata without merit, and that the automobile driver was not guilty of contributory negligence. In affirming the judgment, the appellate court cited Article 2286 of the LSA–Civil Code, as follows:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

The law of Louisiana with respect to res judicata and estoppel is substantially the same as the law in Texas and in many other jurisdictions. The effect of a prior judgment against two defendants upon a later action between them, is the subject of annotations in 101 A.L.R., pp. 104–105; 142 A.L.R., p. 728, and 152 A.L.R., p. 1066. The rule supported by the great weight of authority is that a judgment against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross-complaint or other adversary pleadings and determined by the judgment in the first action.

The rule with respect to estoppel by judgment is clearly stated in 50 C.J.S. Judgments § 819, p. 372, as follows:

"The estoppel, however, is raised only between those who were adverse parties in the former suit, and the judgment therein ordinarily settles nothing as to the relative rights or liabilities of the coplaintiffs or codefendants inter sese, unless their hostile or

conflicting claims were actually brought in issue, litigated, and determined, as by being put in issue by cross petition or separate and adverse answers, * * *."

The rule as established in Texas is stated in 26 Tex.Jur., p. 232 et seq., Judgments, § 460, as follows:

"In other words, a judgment for or against two or more joint parties does not ordinarily determine their respective rights as between themselves, and they may neither rely upon it in regard thereto nor assail it, in any subsequent litigation between them, unless they filed cross-pleadings putting such rights in issue and the judgment adjudicated them * * *. 'As between the several defendants thereon, a joint judgment establishes nothing but their joint liability to the plaintiff. Which of the defendants should pay the entire judgment, or what proportion each should pay, in case each is partly liable, is still unadjudicated.' And it seems that this principle applies even though judgment goes in favor of one of the defendants. Thus it has been held that a judgment in favor of a plaintiff as to one defendant, but against him as to another is not res judicata of the rights of the defendants in a subsequent suit between them."

The early case of Gulf, C. & S. F. Ry. Co. v. Galveston, H. & S. A. Ry. Co., 83 Tex. 509, 18 S.W. 956, is much in point. In that case one Dorsey, while in the joint employment of both railroads, was injured while engaged in coupling cars. He recovered a joint judgment against both companies and each company paid one-half thereof. Later the Gulf, C. & S. F. Ry. Co. sued Galveston, H. & S. A. Ry. Co. to recover as indemnity the amount paid to satisfy the judgment against both companies. The court said:

"Appellant's right to contribution or indemnity is not questioned in this case, upon proof of the facts entitling it thereto. But the judgment in the Dorsey Case against appellant and appellee, showing a joint liability, and the payment of it by them in equal proportions is not sufficient alone to authorize a recovery of indemnity. It is true that judgment, although arising out of a tort, does not destroy the right to indemnity. Bailey v. Bussing, 28 Conn. 457. But it does not dispense with proof of all the other facts, on which alone this right rests, namely, that appellee alone was guilty of the negligence causing the injuries to the party who recovered the original judgment."

In further support of the general rule stated in Texas Jurisprudence, see Still v. Lombardi, 1894, 8 Tex.Civ.App. 315, 27 S.W. 845, writ ref.; Hoxie v. Farmers' & Mechanics' Nat. Bank, 20 Tex.Civ.App. 462, 49 S.W. 637, writ ref.; Cauble v. Cauble, 1926, Tex.Civ.App., 283 S.W. 914; Greenspan v. Green, 1953, Tex.Civ.App., 255 S.W.2d 917, writ ref., n. r. e.; Daniel Lumber Co. v. Settlemire, Tex.Civ.App., 256 S.W.2d 922, writ ref., n. r. e.

Appellee has presented cross-assignments complaining that the court erred in not giving him judgment for the entire amount of $12,500.00 plus attorney's fees in the amount of $5,000.00 expended in defending the Louisiana case. We think these cross-assignments should be sustained.

Although $2,780.00 of the judgment was against appellant, appellee and Tyler in solido, appellee had the right to seek indemnity from appellant without asking for indemnity against Tyler. Appellant cannot escape full liability as indemnitor on the ground Tyler was not served with process and the suit was discontinued as to him. The discontinuance of the suit as to Tyler in no way prejudiced appellant's claim for indemnity from Tyler. Furthermore, the payment of the $12,500.00 by appellee benefited appellant in such amount since he was liable in solido for a total of $13,900.00 under the judgment after payment of $5,000.00 thereon by the insurance carrier,

and was able to secure a complete release by paying only an additional $1,000.00.

We have neither found nor been cited to any case directly in point. The law is well settled in Louisiana, however, that the plaintiff in the Louisiana suit could have sued appellant without joining Tyler or could have joined Tyler and abandoned the cause as to him prior to verdict, and in either case appellant would have no legal right to complain. Linkenhoger v. Owens, 5 Cir., 181 F.2d 97. It is our view by analogy to such rule, appellant has no legal ground to complain because the present suit was discontinued as to Tyler.

The trial court found that appellee paid his attorneys $6500.00, and that such fee was reasonable and necessary for the necessary and reasonable services rendered him in the Louisiana suit. The court concluded, however, that appellee was not entitled to any attorney's fees. In view of the trial court's findings of fact, we perceive of no reason why appellee is not entitled to recover attorney's fees, limited, however, to the amount of $5,000.00 sued for. The general rule is that reasonable attorney's fees which have been incurred in resisting the claim indemnified against may be recovered as a part of the damages and expenses when an action is brought to recover indemnity either upon a right of indemnity implied by law or arising under a contract. 27 Amer.Jur., pp. 473–474, § 27; Sears v. Inhabitants of Town of Nahant, Mass.Sup. 1913, 215 Mass. 234, 102 N.E. 491–493. A right of indemnity generally arises by contract express or implied, but it also exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other as where one person is exposed to liability by the wrongful act of another in which he does not join. 27 Amer.Jur., p. 465, § 16.

In Pure Oil Co. v. Geotechnical Corp. of Delaware, U. S. Dist.Ct., E. D. Louisiana, 129 F.Supp. 194, the court stated: "There seems to be little question that, whether the indemnity is implied in law or arises under contract, reasonable counsel fees and costs incurred in resisting the liability indemnified against may be recovered." See Succession of Caldwell, 1853, 8 La.Ann. 42, in which the court held that a sheriff who was sued for having seized and sold certain movables under a number of attachments, and who had called on attaching creditors to defend him, could recover as indemnity from the creditors adopting his acts the fee paid by him to counsel for defending the attachment. See also Hartford Accident & Indemnity Co. v. Dahl, 202 Minn. 410, 278 N.W. 591; City of Ft. Scott v. Pen Lubric Oil Co., 122 Kan. 369, 252 P. 268; Sigmond Rothschild Co. v. Moore, Tex.Civ.App., 166 S.W.2d 744, writ ref., w. m.; 2 A.L.R. 184, Note 4; Frommeyer v. L. & R. Construction Co., 3 Cir., 261 F.2d 879, 69 A.L.R.2d 1040, and Annotation p. 1046; 42 C.J.S. Indemnity § 24, p. 602.

The judgment of the trial court will be reformed to allow appellee $17,500.00 instead of $11,110.00 decreed by the trial court, and as reformed the judgment of the trial court is affirmed.

### On Motion for Rehearing

In his motion for rehearing, appellant has requested that we make certain findings of fact and conclusions of law. We are not in a position to make independent findings of fact, since no statement of facts has been filed in this Court and we have not been furnished with the pleadings and judgment in the Louisiana case. We are required to indulge every presumption in favor of the trial court's findings and judgment. It would unduly prolong this opinion if we undertook to set out the fact situations in the cases cited in our opinion or to distinguish between the facts in such cases and the factual situation in the instant case. It is our view that the conclusions reached by us are supported by the cases cited, although the fact situations may not be the same in any two of such cases or the same as in this case.

Motion for rehearing overruled.